## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

| | |
|---|---|
| **D. G. Sweigert, Pro Se Plaintiff**<br><br>**-against-**<br><br>**MULTIMEDIA SYSTEM DESIGN, INC. d/b/a CROWDSOURCE THE TRUTH, d/b/a 21st Century 3D**<br><br>**And**<br><br>**George Webb Sweigert**<br><br>　　　**Defendants** | **PRO SE**<br><br>**CASE:**<br><br>**2:22-cv-12696-GAD-KGA**<br><br>**District Judge Gershwin A. Drain**<br><br>**Magistrate Judge Kimberly G. Altman** |

**Plaintiff Pro Se**
**D. G. SWEIGERT**
Spoliation-notice@mailbox.org

**Defendants**
**MULTIMEDIA SYSTEM DESIGN, INC.**
truth@crowdsourcethetruth.org
jason@21stcentury3d.com
**GEORGE WEBB SWEIGERT**
Georg.webb@gmail.com

**PLAINTIFF'S VERIFIED MOTION FOR DECLARATION OF CONSTRUCTIVE SERVICE BY THE COURT PURSUANT TO M.C.R. RULE 2.105(J)(2) FINDING THAT DEFENDANT CORPORATION M.S.D.I. HAS BEEN CONSTRUCTIVELY SERVED**

---

Hereby certified that the statements herein are true and that a true .PDF file of this document has been transmitted via electronic message to the parties named above.  Signed this 19th day of March, 2023 (3/19/2023).

*D. Swgt*

**D. G. SWEIGERT PRO SE, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

**PLAINTIFF'S VERIFIED MOTION FOR DECLARATION OF CONSTRUCTIVE SERVICE BY THE COURT PURSUANT TO RULE 2.105(J)(2) FINDING THAT DEFENDANT CORPORATION M.S.D.I. HAS BEEN CONSTRUCTIVELY SERVED**

NOW COMES THE PRO SE PLAINTIFF D. G. SWEIGERT to seek relief from this Honorable Court in the form of:

(1) To find that the constructive service of Multimedia Systems Design, Inc. (M.S.D.I.) has been accomplished via adequate notification to M.S.D.I.'s sole stockholder Jason Goodman of this litigation.

## FACTUAL BACKGROUND (SWORN UNDER PENALTY OF PERJURY)

***Goodman's obsessive interest in Sweigert and his father is a factor in constructive service***

1.      At the outset, it is instructive to note that Jason Goodman, sole stockholder of Defendant M.S.D.I., has an on-going Twitter harassment campaign directed at the Plaintiff's deceased father, George H. Sweigert, a combat veteran of the Guadalcanal Campaign in the Solomon Islands in World War II.  Staff Sergeant Sweigert, of Ohio's National Guard (the 37th Division), suffered from what is known as "Guadalcanal Syndrome",

https://content.time.com/time/subscriber/article/0,33009,933048,00.html  the fore-runner to the modern-day diagnosis of Post Traumatic Stress Syndrome (P.T.S.D.).[1]  See tweets below (certified authenticate under penalties of perjury).

---

[1] Medicine: Guadalcanal Neurosis
Monday, May 24, 1943
"Each man must have a breaking point." On Guadalcanal many a man came close to that realization. Last week the mental suffering on Guadalcanal was described to the American Psychiatric Association in Detroit by Lieut. Commander Edwin R. Smith of the Naval Hospital at Mare Island, Calif. In the frankest statement on war's psychiatric casualties yet passed by the Army or Navy, he discussed "a group neurosis that has not been seen before and may never be seen again." The neurosis occurs in steady men who have been subjected to prolonged warfare without rest or hope—as on Guadalcanal. Said Commander Smith: "This was not the sudden and quickly terminated but terrific rape of Pearl Harbor, nor the similarly acute days of Dunkirk. This was the worst of both of them, prolonged literally for weeks. . . . Never before in history have such a group of healthy, toughened, well-trained men been subjected to such conditions."

https://twitter.com/GHenryDickface







https://twitter.com/GHenryDickface/status/1630577218375098368

https://twitter.com/GHenryDickface/status/1629607995427414023

***Goodman is well aware of this instant litigation***

2.      This instant litigation has been described in court filings in an S.D.N.Y. action where

Jason Goodman is attempting to sue the Plaintiff and Richard Loury, the pro se coordinator for

the Eastern District of Michigan, for racketeering; see **Exhibit One** attached (Case 1:21-cv-

10878-AT-JLC Document 158 Filed 03/10/23).  That document, describing this instant lawsuit,

has been served upon Goodman utilizing the customary e-mail message notification (certificate

of service).  The Plaintiff has served at least a dozen (12) court filings upon Mr. Goodman and

interested attorneys in this manner.  To this end, Mr. Goodman was sent an e-mail message with

a summons and amended complaint of this instant action attached in response to Goodman's

message that Plaintiff is "mentally ill".

> From: Spoliation Notice <spoliation-notice@mailbox.org>
> To: Jason Goodman <truth@crowdsourcethetruth.org>
> Cc: "Seth D. Berlin" <BerlinS@ballardspahr.com>, "Maxwell S. Mishkin"
> <MishkinM@ballardspahr.com>, George Webb Sweigert <georg.webb@gmail.com>,
> Margaret Esquenet <margaret.esquenet@finnegan.com>, Liz Lockwood
> <liz.lockwood@alilockwood.com>, "spoliation@posteo.net"
> <spoliation@posteo.net>, Spoliation Notice <spoliation-notice@mailbox.org>
> Date: 03/01/2023 12:41 PM PST
> Subject: Court filings REF: Jason Goodman
>
>
> Mr. Goodman,
>
> Attached are court filings for your records,
>
> Best
>
>
> > On 03/01/2023 8:29 AM PST Jason Goodman <truth@crowdsourcethetruth.org>
> > wrote:
> >
> >
> > Your public statements against your own interest are likely to cause a reasonable
> > observer to conclude you are mentally ill.  I insist you refrain from contacting me with
> > irrelevant emails. Cease and desist.
> >



**Subject**   Fwd: Court filings REF: Jason Goodman

---------- Original Message ----------
From: Spoliation Notice <spoliation-notice@mailbox.org>
To: Jason Goodman <truth@crowdsourcethetruth.org>
Cc: "Seth D. Berlin" <BerlinS@ballardspahr.com>, "Maxwell S. Mishkin" <MishkinM@ballardspahr.com>, George Webb Sweigert
<georg.webb@gmail.com>, Margaret Esquenet <margaret.esquenet@finnegan.com>, Liz Lockwood <liz.lockwood@alilockwood.com>,
"spoliation@posteo.net" <spoliation@posteo.net>, Spoliation Notice <spoliation-notice@mailbox.org>
Date: 03/01/2023 12:41 PM PST
Subject: Court filings REF: Jason Goodman

3.      As shown above at 8:29 AM 03/01/2023 Goodman used his

truth@crowdsourcethetruth.org e-mail account to send an e-mail accusing the Plaintiff of being

mentally ill (copies sent to relevant attorneys in the S.D.N.Y. federal action). A few hours later

at 12:41 PM 03/01/2023 the Plaintiff sent copies of the summons and amended complaint (see

3.1 MB file size) as attachments to Goodman, with copies sent to interested counsel in the

S.D.N.Y. action.

4.      Shown below are the appearance of attorneys who received copies of the summons and

amended complaint, along with Goodman.





5.     A second e-mail message was sent to Mr. Goodman on Saturday, March 18, 2023, 03/18/2023 4:24 PM PDT, with a summons and amended complaint as attachments with instructions to file a response..



6.     Goodman has used his truth@crowdsourcethetruth.org account to serve the undersigned Plaintiff with copies of S.D.N.Y. court pleadings, see below.



7.      Goodman memorialized his use of the official truth@crowdsourcethetruth.org e-mail account to serve the Plaintiff and interested attorneys, see Case 1:21-cv-10878-AT-JLC Document 140-1 Filed 03/01/23 below (attached as **EXHIBIT TWO**):



8.      The Court will note that Goodman perjured himself and committed fraud upon the court in the S.D.N.Y. by falsifying the date of 02/28/2023 and not correctly reporting documents were sent 03/01/2023.  Nonetheless, it does demonstrate that the use of the e-mail account truth@crowdsourcethetruth.org is regularly used by Goodman to serve legal process.

9.      The Court should note that the Plaintiff has received literally hundreds of e-mail messages from Mr. Goodman at the spoliation-notice@mailbox.org e-mail account, as shown below (representative sample):



10.    It is instructive to note that this Internet e-mail domain is connected to Goodman, see below.

> I looked up the domain address of the webpage **Crowdsource the truth.org**, and found that it had been created on October 20, 2016. Jason Goodman is the registered administrator of this webpage and he gives his business address for his company which is **21stcentury3D**, 252 7th Avenue, #6s, New York, New York 10001. The phone number is 212-244-8585.

https://trackingmeroz.wordpress.com/2017/07/13/jason-goodman-in-a-nutshell/

***Plaintiff has spent $270.00 US attempting to serve Mr. Goodman and/or M.S.D.I.***

11.    The Plaintiff hereby certifies that he has spent $270.00 on New York State process servers appearing at Goodman's listed address for his company, M.S.D.I., Jason Goodman, 252 7th Avenue, Apt. 6S, New York, NY 10001, 323 744 7594. The same address as listed in the pending S.D.N.Y. legal action 1:21-cv-10878-AT-JLC. As an example:

Hello,

A service attempt has been performed for **Multimedia System Design, Inc. c/o Jason Goodman sole owner, Unit 6-S.**

**Reference ID:** REF-11885456
**Case #:** 2:22-CV-12696-GAD-KGA
**Your Process Server:** Michael Whyte
**Date / Time:** March 08 2023 09:34 AM
**Address:** 252 7th Ave Unit 6-S, New York, NY 10001
**Outcome:** I spoke with an individual who indicated they were the doorman ring and respondent responds and tells doorman he not around- will not allow acess – respondent will not come down to lobby and they stated subject resides but refused to respond. I spoke with an on-site worker who says subject resides.

Hello,

A service attempt has been performed for **Multimedia System Design, Inc. c/o Jason Goodman sole owner, Unit 6-S.**

**Reference ID:** REF-11885456
**Case #:** 2:22-CV-12696-GAD-KGA
**Your Process Server:** Michael Whyte
**Date / Time:** March 06 2023 11:58 AM
**Address:** 252 7th Ave Unit 6-S, New York, NY 10001
**Outcome:** I spoke with an individual who indicated they were the doorman ring with no response and they stated subject resides but not available at this time. I spoke with an on-site worker who says subject resides.

| Invoice ▾ | Total ▾ | Amount |
|---|---|---|
| Invoice Date ▾ | Status | Due ▾ |
| Invoice: 13288993.100 \| 02/03/2023 | | |
| • Fee Advance: Multimedia Systems Design, Inc. c/o Jason Goodman sole owner, Unit 6-S | $45.00 ✓ Paid | $0.00 |
| Ref ID: REF-11885456 | | |
| Invoice: 13287157.100 \| 02/02/2023 | | |
| • Process Service: Multimedia Systems Design, Inc. c/o Jason Goodman sole owner, Unit 6-S | $75.00 ✓ Paid | $0.00 |
| Ref ID: REF-11885456 | | |
| Invoice: 13273557.100 \| 02/01/2023 | | |
| • Process Service: Multimedia Systems Design, Inc. c/o Jason Goodman sole owner, Unit 6-S | $75.00 ✓ Paid | $0.00 |
| Ref ID: REF-11885456 | | |
| Invoice: 13245267.100 \| 01/31/2023 | | |
| • Process Service | $75.00 ✓ Paid | $0.00 |
| Ref ID: REF-11885456 | | |

9

12.    To spare the Court the entirety of such e-mail messages a summary is provided below, suffice to say all the e-mail messages listed below have nearly identical content as they report the date and time of unsuccessful service attempts indicating Goodman refused to leave his apartment.



*Plaintiff attests to regular e-mail message communications*

13.     Plaintiff hereby attests, under the penalties of perjury, that he has been in regular e-mail message communications with Goodman since approximately 2017.  The number of exchanges is in the hundreds.  Recent examples:

---

Subject    Fwd: Re: Filed with the court

From: Jason Goodman <truth@crowdsourcethetruth.org>
To: David George Acton Sweigert <spoliation-notice@mailbox.org>
Cc: "Maxwell S. Mishkin" <MishkinM@ballardspahr.com>, "Seth D. Berlin" <BerlinS@ballardspahr.com>, George Webb Sweigert <georg.webb@gmail.com>, Margaret Esquenet <margaret.esquenet@finnegan.com>, Liz Lockwood <liz.lockwood@alilockwood.com>, "spoliation@posteo.net" <spoliation@posteo.net>
Date: 02/17/2023 10:42 AM PST
Subject: Re: Filed with the court

I did not ask you to do that.  You are again instructed to STOP sending me irrelevant communications. Cease and desist.  You are harassing me.

> On Feb 17, 2023, at 1:39 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
> Mr. Goodman,
>
> As a courtesy to you the undersigned has compared documents ECF no. 100 and 132.
>
> This was accomplished with a PDF on-line compare application.
>
> Best,
>
>

---

```
Subject   Fwd: Re: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al

From: Jason Goodman <truth@crowdsourcethetruth.org>
To: David George Acton Sweigert <spoliation-notice@mailbox.org>
Cc: "spoliation@posteo.net" <spoliation@posteo.net>, George Webb Sweigert <georg.webb@gmail.com>, "Seth D. Berlin"
<BerlinS@ballardspahr.com>, "Maxwell S. Mishkin" <MishkinM@ballardspahr.com>, Liz Lockwood <liz.lockwood@alilockwood.com>,
Margaret Esquenet <margaret.esquenet@finnegan.com>
Date: 02/10/2023 1:25 PM PST
Subject: Re: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al


This was posted seconds ago, your obsessive cyber stalking of me is extremely troubling.  It is not your job to keep all the
litigants informed of everything I do.

> On Feb 10, 2023, at 4:22 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
> Latest Goodman video on this subject
>
> https://www.youtube.com/watch?v=wmWgYgCgFac
>
>
```

***Defendant M.S.D.I. and Jason Goodman are serial litigants***

14.    U.S. District Judge Analisa Torres observed in her ORDER (attached as EXHIBIT

THREE) Case 1:21-cv-10878-AT-JLC Document 83, that:

> "The Court finds that Goodman would not be prejudiced by setting aside the default.
> Goodman alleges only that he would be prejudiced because of his pro se status. ECF No.
> 76. But, the degree of lenience offered to a pro se plaintiff is lessened where the plaintiff
> is experienced in litigation. Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010)
> (citation omitted). Goodman is a frequent litigant, and it is at least arguable whether he
> should continue to receive special solicitude from the Court. Id.; see also ECF No. 82
> (adopting R&R, ECF No. 59); ECF No. 59 at 10 n.9; Goodman v. Sharp et al., 21 Civ.
> 10627 (S.D.N.Y.) (Goodman is a pro se Plaintiff); The National Academy of Television
> Arts and Sciences, Inc. et al. v. Multimedia System Design, Inc., 20 Civ. 7269
> (S.D.N.Y.) (Goodman is a pro se intervenor); Sweigert v. Cable News Network, Inc., 20
> Civ. 12933 (E.D. Mich.) (Goodman sought leave to file an amicus brief)."

## LEGAL ARGUMENT

15.    Mich. Ct. R. 2.105(J)(2) allows this Court to provide for alternative means of service in

accordance with the principles of due process.  "If a party shows that "service of process cannot

reasonably be made as provided by [these rules]," the court may exercise its discretion with an

order to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1)," *Cement Masons Pension Tr. Fund-Detroit & Vicinity v. Isa Floors, Inc.* No. 22-11206 (E.D. Mich. Aug. 18, 2022)

16.     "Next, the Court must consider whether the proposed methods of electronic service of process comport with due process. "Due process requires that all methods of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Patrick's Restaurant, LLC v. Singh*, No. 18-cv-00764 (ECT/KMM), 2019 WL 121250, at *4 (D. Minn. Jan. 7, 2019) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (additional citation omitted). Courts have held electronic service by e-mail satisfies due process "where a plaintiff demonstrates the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) (collecting cases). Plaintiff proposes to electronically serve Defendant Mahmood by e-mail at "kasim@elecourt.ltd" and via WhatsApp through a specified telephone number." *Williams v. Doe*, 6:21-cv-03074-RK, 3 (W.D. Mo. Dec. 7, 2021)

17.     Plaintiff's letter to the S.D.N.Y. of March 10th, 2023 would apparently fulfill these due process requirements (attached as Exhibit One):

| 03/10/2023 | 158 | LETTER addressed to Judge Analisa Torres from D.G. Sweigert, dated 3/11/23 re: " PROPOSED TRANSFER OF THIS ACTION TO THE EASTERN DIST. OF MICHIGAN" - The undersigned Defendant believes that this Court does not have subject-matter jurisdiction over the claims in this action because Mr. Goodman has alleged "fraud on the Court" in the M.I.E.D etc. Document filed by David George Sweigert.(sc) (Entered: 03/13/2023) |
|---|---|---|

18.     It is instructive to note that courts have allowed electronic service to parties by electronic means, including text messages. "The Court notes it would be the novel case to permit electronic service of process only via WhatsApp but that is not that case here. As what

appears to be a close analogue to communication via WhatsApp, district courts have permitted service of process by text message as a supplement to other means of service of process (electronic or otherwise) under the due process clause. *See, e.g.*, *Marvici v. Roche Facilities Maintenance LLC*, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *3-5 (S.D.N.Y. Oct. 6, 2021); *Citizens Bank, N.A. v. Global, LLC*, No. 20-10707, 2020 WL 9600783, at *5-6 (E .D . Mich. June 9, 2020); *see also F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (permitting service of process through electronic Facebook message as a supplement to electronic service by e-mail). The Court finds, under these circumstances and in conjunction with electronic service of process by e-mail, Plaintiff has demonstrated service of process via WhatsApp - as a supplemental method - complies with due process and is reasonably likely to reach Defendant Mahmood and apprise him of these proceedings. [Footnote 2]" *Williams v. Doe*, 6:21-cv-03074-RK, 4 n.2 (W.D. Mo. Dec. 7, 2021).

## **CONCLUSION**

For the foregoing reasons, Plaintiff seeks this Court's declaration that Defendant company M.S.D.I. has been constructively served.  Signed this 19th day of March, 2023 (03/19/2023).

The statements in this document are true and correct as to my understanding when the statements were made, certified under penalties of perjury.

**D. G. SWEIGERT PRO SE, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

# EXHIBIT ONE

D. G. SWEIGERT, C/O
MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

March 11, 2023

*Goodman v. Bouzy*, et. al. Case No. 1: 21-cv-10878-AT-JLC

Honorable Analisa Torres
District Judge
U.S. District Court for the
 Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing and e-mail to chambers

SUBJ:  **Proposed transfer of this action to the Eastern District of Michigan**

REF:   (a) INDIVIDUAL PRACTICES Rule III(A)

       (b) 28 U.S.C. Section 1406 - Cure or waiver of defects

       (c) F.R.C.P. Rule 60(d)(3)

Your Honor,

1.      By leave of the Court and in accordance with ref: (a), the undersigned seeks to file a Motion for Transfer of this action to the Eastern District of Michigan (M.I.E.D.) if, and when, defendants other than the undersigned and his brother ("George Webb") are dismissed from this action pursuant to ref (b).

2.      Presently an action is pending concurrently in the M.I.E.D., filed by the undersigned, known as plaintiff D.G. Sweigert vs. Multimedia Systems Design, Inc. (M.S.D.I.) and George Webb Sweigert, 2:22-cv-12696-GAD-KGA.  In that action, based on sworn affidavits of several process servers, Mr. Goodman (the sole owner and operator of M.S.D.I.) is evading service of process.

3.      It is anticipated that the Court will dismiss Mr. Goodman's claims against all non-Sweigert defendants as a result of the adjudication of several motions to dismiss by other parties (Dkt. 106, 153).  However, the undersigned has filed a conditional counterclaim (Dkt. 130) which essentially recounts identical claims pending in the M.I.E.D., 2:22-cv-12696-GAD-KGA concurrent action. The proposed (conditional) counterclaim (Dkt. 130) could become "live" if this Court finds it has personal jurisdiction over the undersigned.

4. Rather than burden this Court with the adjudication of the counterclaim (Dkt. 130) it would appear to be in the best interests of the Court to transfer this action to the M.I.E.D., at the time personal jurisdiction is conferred on the undersigned, to save judicial resources and to promote the efficiency of the administration of the courts pursuant to ref: (b).

5. As explained in the Initial Complaint (Dkt. 1) para. 19, "Plaintiff has submitted an Amicus Curiae brief in Sweigert [George Webb, not the undersigned] v CNN that alleges criminal activity on the part of Webb and others. (See Case 2:20-cv-12933-GAD-KGA ECF No. 20, Eastern District of Michigan)." See para. 20 (Dkt. 1) "On information and belief, Plaintiff alleges that Webb engaged Bouzy to harass and defame Plaintiff in retaliation for the Amicus filing and to deliberately harm Plaintiff."

6. In the two-page brief, titled BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, Counter Defendant Goodman explains that he "is a pro se non-attorney, non-party to this case," then Goodman declares that he "comes now as a friend of the court to share facts and evidence Goodman alleges reveal a fraud on the court intended to affect the outcome of this case." *Sweigert v. CNN*, Case 2:20-cv-12933-GAD-KGA ECF No. 20, PageID.244 Filed 07/20/21 Page 2 of 4.

7. As Mr. Goodman has alleged M.I.E.D. court employee Richard Loury conspired with George Webb (Sweigert) "and others" committing "fraud on the court" by causing to file forged documents on the M.I.E.D. docket, the M.I.E.D. has jurisdiction in this matter pursuant to ref: (c).

8. On December 30, 2021 Mr. Goodman published a public video podcast, entitled, *Ghost Town NYC – Hollywood Distorter's False Statements of Fact Favor EMMY Liars & Goodbye de Blasio*, (https://www.youtube.com/watch?v=90_Jtqt-JtE) , where he stated on camera:

> *Jason Goodman (1:10:52) "If it wasn't for that pesky amicus brief, because you see, that presented evidence that supports the allegation that a forged document was placed on the docket, and it raises certain questions about who might have done that. And I have a feeling, I don't know, and we won't know until the hearing happens, but I have a feeling, **Judge Drain called that hearing because he wants to hear details about the evidence that I presented."** [emphasis added]*
> *"And the court does have the inherent power to conduct an investigation in the case that someone's trying to deceive them. Fraud on the court is within their power to investigate and punish people; for they got marshals there, they can arrest people, stick them in jail, and stuff, so we'll see what happens."*

9. On January 29, 2022, in a *Crowdsource the Truth* livestream titled, *Ghost Town NYC-Bomb Cyclone Edition Blizzard '22* Mr. Goodman stated in the video:

> *Jason Goodman: (51:52) It's amazing the number of people who are in the professional harassment business. It's so bad the Super Mario brothers (a reference to the Sweigert brothers), I can't believe I haven't spoken about them. There's been a lot of stuff going on with them. They seem to be concerned about Detroit. Did people catch my discussion*

2

*about traveling to Detroit?  It was a big pain in the ass.  The hearing got cancelled…hearing got cancelled and I think I, I think why, I don't want to say too much about it because these are ongoing things, but Super Mario brothers should be very concerned about Detroit."*

*(52:58)  "I spoke to their buddy Richard* [Loury] *again yesterday.  Yes I did…have people calling that stupid Mario brothers.  Uh there's a lawsuit in the Eastern District of Michigan, but there was another filing in the suit yesterday and Richard Loury left his name on it.  This guy's not too smart and they're going to be in a lot of trouble.  I don't think they fully appreciate what's going on."*

*(54:46)  "If anybody had any questions If Mr. Loury were or were not guilty, I called him up, he answered the phone.  I said Richard are you all right?  Your voice sounds a little rough.  And he said who's this?  I said, it's Jason.  He said I'm okay.  I said you've been with George, what's going on with that?  Click.  Hung up the phone.  I don't know personally, is that the way an innocent guy would act?"*

*(55:53)  " I think when we finally get to speak with Judge Drain in the Eastern District of Michigan, it hit with a barrel."*

10.    Judge Gershwin A. Drain is the appropriate judicial officer to provide a full hearing to Mr. Goodman's claims of fraud on the court in the M.I.E.D., as clearly stated by Mr. Goodman himself (see above).

11.    The undersigned Defendant believes that this Court does not have subject–matter jurisdiction over the claims in this action because Mr. Goodman has alleged "fraud on the court" in the M.I.E.D.  See Denny v. Ford Motor Co., 959 F. Supp. 2d 262 (N.D.N.Y. 2013), where plaintiffs failed to state a claim for fraud on the court pursuant to Rule 60(d)(3).

Signed this March 11, 2023.

**D.G. SWEIGERT, PRO SE DEFENDANT**

## CERIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

liz.lockwood@alilockwood.com

margaret.esquenet@finnegan.com

Certified under penalties of perjury.

Signed this March 11, 2023 (3/11/23)

**PRO SE DEFENDANT**

4

# EXHIBIT TWO

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10878-AT-JLC |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN | |
| Defendants | |

It is hereby certified that plaintiff, Jason Goodman, served defendants' counsel with a copy of the response in opposition to the motions to dismiss via email.

Seth D. Berlin  BerlinS@ballardspahr.com

Maxwell S. Mishkin  MishkinM@ballardspahr.com

George Webb Sweigert georg.webb@gmail.com

David George Sweigert spoliation-notice@mailbox.org

Margaret Esquenet margaret.esquenet@finnegan.com

Liz Lockwood liz.lockwood@alilockwood.com

CERTIFICATE OF SERVICE - 1

1  Signed this 28th day of February 2023

2  Respectfully submitted,

3

4  _____
                                    Jason Goodman, Plaintiff, Pro Se

5                                   252 7th Avenue Apt 6s
                                    New York, NY 10001

6                                   (323) 744-7594
                                    truth@crowdsourcethetruth.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE - 2

# EXHIBIT THREE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                                        Plaintiff,

                    -against-

CHRISTOPHER ELLIS BOUZY and BOT
SENTINEL, INC.,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _12/20/2022_

21 Civ. 10878 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 19, 2021, Plaintiff, Jason Goodman, filed his complaint. ECF No. 1. Defendants Christopher Ellis Bouzy and Bot Sentinel, Inc. were served on January 19, 2022. ECF No. 21. On November 20, 2022, Goodman filed a motion for default judgment. ECF No. 60. On November 23, 2022, counsel for Defendants filed a letter stating counsel was recently retained and that Defendants intend to file a motion to dismiss. ECF No. 68. Goodman did not respond to Defendants' letter. On November 30, 2022, Goodman obtained a certificate of default from the Clerk of Court. ECF No. 72. On December 5, 2022, Defendants' counsel filed a notice of appearance. ECF No. 73. On December 8, 2022, the Court directed Defendants to respond to the complaint by December 12, 2022. ECF No. 75. On December 9, 2022, Goodman filed a letter stating that declining to order Defendants to show cause for their failure to timely respond to the complaint would be prejudicial, particularly due to Goodman's *pro se* status. ECF No. 76. On December 12, 2022, Defendants filed a motion to dismiss. ECF No. 78.

Default is an extreme and disfavored sanction. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d 274, 275, 277 (2d Cir. 1981). Where default has already been entered, the Court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). "Good cause" should be construed generously. *Enron Oil Corp.*, 10 F.3d at 96.

In the absence of a Rule 55(c) motion, the Court may treat opposition to a motion for default judgment as a motion to set aside the entry of default. *Meehan*, 652 F.2d at 276 (citing *Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583 (S.D.N.Y. 1971) and *Albert Levine Assocs, Inc. v. Kershner*, 45 F.R.D. 450, 451 (S.D.N.Y. 1968)). Defendants' letter, ECF No. 68, states that Defendants oppose Goodman's motion for default judgment. Therefore, the Court shall treat Defendants' letter as a motion to set aside the entry of default.

In deciding whether to set aside default, the Court must consider whether the default was willful, whether setting aside default would prejudice the plaintiff, and whether the defendants can present a meritorious defense. *Meehan*, 652 F.2d at 277. If doubt exists as to whether default should be granted, the doubt should be resolved in favor of the defaulting party. *Enron Oil Corp.*, 10 F.3d at 96.

Goodman alleges that Defendants' default was willful and that setting aside the default would be prejudicial due to his *pro se* status. *See* ECF No. 76. Defendants have not yet

provided any explanation for their delay. The Court concludes that it does not have sufficient information to decide Defendants' request to set aside default.

The Court finds that Goodman would not be prejudiced by setting aside the default. Goodman alleges only that he would be prejudiced because of his *pro se* status. ECF No. 76. But, the degree of lenience offered to a *pro se* plaintiff is lessened where the plaintiff is experienced in litigation. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted). Goodman is a frequent litigant, and it is at least arguable whether he should continue to receive special solicitude from the Court. *Id.*; *see also* ECF No. 82 (adopting R&R, ECF No. 59); ECF No. 59 at 10 n.9; *Goodman v. Sharp et al.*, 21 Civ. 10627 (S.D.N.Y.) (Goodman is a *pro se* Plaintiff); *The National Academy of Television Arts and Sciences, Inc. et al. v. Multimedia System Design, Inc.*, 20 Civ. 7269 (S.D.N.Y.) (Goodman is a *pro se* intervenor); *Sweigert v. Cable News Network, Inc.*, 20 Civ. 12933 (E.D. Mich.) (Goodman sought leave to file an amicus brief). Further, although Defendants delayed in responding to the complaint for approximately ten months, Goodman also delayed in seeking a default judgment. He filed his motion for default judgment on November 20, 2022, ECF No. 60, and Defendants responded three days later, ECF No. 68. And, even if Goodman alleged that Defendants' delay in responding has prejudiced him, delay alone cannot establish prejudice. *Enron Oil Corp.*, 10 F.3d at 98 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

The Court also finds that Defendants have made a sufficient showing that they have meritorious defenses to Goodman's claims. ECF No. 79; *see also Davis*, 713 F.2d at 916. These factors weigh in favor of setting aside default. But, Defendants have not explained their ten-month delay in responding to the complaint, so the Court cannot determine whether Defendants' default was willful. Accordingly, by **January 3, 2023**, Defendants shall file a letter explaining the reason for their default. By **January 3, 2023,** Goodman may file a letter opposing the motion to set aside default.

Additionally, the Court will HOLD IN ABEYANCE decision on Defendants' motion to dismiss, ECF No. 78, until the Court has issued a decision on Defendants' motion to set aside entry of default.

SO ORDERED.

Dated: December 20, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

2