IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. SWEIGERT | Case No.: 1:23-cv-05875-JGK |
| Plaintiff, | |
| vs. | Case No.: 1:23-cv-06881-JGK |
| JASON GOODMAN, ET AL., | |
| Defendants | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT** |

There is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). FRCP Rule 52(b) allows, on a party's motion filed no later than 28 days after the entry of judgment, that the court may amend its findings—or make additional findings—and may amend a judgment accordingly. There is also a provision for motions filed pursuant to Rule 59(e) within ten days of a district court's judgment, and Local Rule 6.3 grants fourteen days for motions to be filed in response to such judgments. Motions that are not timely under Rule 59 can be considered under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir. 1998).

In this instant matter, Defendant Goodman was served October 12, 2023, via email from Plaintiff David George Sweigert ("Sweigert"), (*See Sweigert v Goodman* Case 1:23-cv-05875-JGK Document 23 / *Sweigert v Multimedia System Design, Inc d/b/a/ Crowdsource the Truth* Case 1:23-cv-06881-JGK Document 36). Sweigert has previously fomented, agitated, expanded unnecessarily, or otherwise involved himself in something approaching two dozen legal actions

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 1

against Goodman since 2017 (*See* Case 3:17-cv-00601-MHL Document 73). Sweigert is a pathological vexatious litigant, currently executing a self-declared mission to sue Goodman for the rest of his life. The Court should not have allowed Sweigert to consolidate *Sweigert v Multimedia System Design, Inc d/b/a/ Crowdsource the Truth* (Case 1:23-cv-06881), with this instant action and should alter or amend its judgement for the reasons set forth below.

## BACKGROUND

The Court issued an Order on October 4, 2023, filed October 5, 2023, stating, "plaintiff's motion to consolidate Sweigert v Goodman, No. 23- cv- 6881 and Sweigert v Goodman, No. 23- cv- 5875 is granted." But the Court made a clear error, incorrectly citing the caption in Case 1:23-cv-06881. The correct caption was *Sweigert v Multimedia System Design, Inc d/b/a/ Crowdsource the Truth*, ("Sweigert v MSDI"). The Court's understandable error demonstrates the deceptive nature of Plaintiff's motion, consolidation should not have been granted. Sweigert v MSDI is deceptive, sham litigation brought as part of an ongoing malicious effort to link false corporate entities made up by Sweigert, with real businesses previously owned by Goodman. Sweigert attempts to resuscitate causes of action that have already been dismissed with prejudice and to relitigate his defective claims against fictional entities deceptively concocted to resemble defunct companies previously owned by Goodman. Sweigert does this at the Court's expense, to harass Goodman with the burden of retaining corporate counsel to unwind the deception. Sweigert developed this modus operandi over years of malicious litigation, he must be stopped.

The fictional corporate entity MSDI cannot be served process at Goodman's home because it does not exist, it has not conducted business from Goodman's home address, and it is not an authentic legal entity. Sweigert knows this from previous litigation and the Court must

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 2

not allow him to circumvent normal service of process procedures or otherwise assist his corrupt efforts to waste judicial resources and harass Goodman by furthering this sham litigation.

Because Sweigert has been involved in so much prior litigation with Goodman, he knows that Multimedia System Design, Inc, d/b/a/ Crowdsource the Truth ("MSDI") is not a legitimate entity. MSDI is a fictional entity created by Sweigert in his malicious effort link this imagined entity to Goodman and then sue it explicitly because Goodman cannot defend it pro se. It would be impossible to serve process on a corporate entity that never existed, or never existed at the home address of an alleged former owner. The legal system protects itself against malicious tricksters like Sweigert, he must not be allowed to circumvent that protection. The Court should reconsider its error and amend its order to consolidate *Sweigert v Multimedia System Design, Inc d/b/a/ Crowdsource the Truth* with this instant case, *Sweigert v Goodman*.

## ARGUMENT

### I.      The Court Should Reconsider its Ruling Pursuant to Rule 52(b)

The Court may consider this motion pursuant to Rule 52(b), which allows a movant seeking reconsideration twenty-eight days and, like Rule 59(e), permits the court to revisit a past decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest [**8] injustice. FED.R.CIV.P 59(e); *Cavallo v. Utica-Watertown Health Ins. Co.*, 3 F. Supp. 2d 223, 225 (N.D.N.Y. 1998); *Patterson-Stevens, Inc. v. International Union of Operating Eng'rs,* 164 F.R.D. 4, 6 (W.D.N.Y. 1995); *Bartz v. Agway, Inc*., 849 F. Supp. 166, 167 (N.D.N.Y. 1994); *Atlantic States Legal Found*., 841 F. Supp. at 53. A Rule59(e) motion can only be granted if the movant presents newly discovered evidence that was not available at the time *e.g., Cavallo* of the trial, or there is evidence in the

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 3

record that establishes a manifest error of law or fact., 3 F. Supp. 2d at 225. The evidence must be "newly discovered or . . . could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (citation omitted); *Atlantic States Legal Found.*, 841 F. Supp. at 56.

*Hollis v. City of Buffalo*, 189 F.R.D. 260, 263 (W.D.N.Y. 1999)

Rule 52(b) and 59(e) are governed by similar, and similarly demanding standards. *See, e.g., Peterson v. Islamic Republic of Iran*, No. 10-cv-4518 (KBF), 2013 U.S. Dist. LEXIS 73852, 2013 WL 2246790, at *1 (S.D.N.Y. May 20, 2013) (citing cases). Nonetheless, the two rules have "distinct applications" as "Rule 52(b) provides a method to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts," while "Rule 59(e) provides for a broad request for reconsideration of the judgment itself." *Endo Pharms. Inc. v. Amneal Pharms.*, LLC, No. 12-cv-8060 (TPG), 2016 U.S. Dist. LEXIS 57420, 2016 WL 1732751, at *2 (S.D.N.Y. Apr. 29, 2016).

*Red Hook Container Terminal LLC v. S. Pac. Shipping Co.*, No. 15-cv-01483 (AJN), 2019 U.S. Dist. LEXIS 160395, at *4 (S.D.N.Y. Sep. 16, 2019)

Rule 52(b) requires that a movant must show that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509  [*4] (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); see also *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music. Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 4

*also SimplexGrinnell, LP v. Integrated Sys. & Power, Inc..*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue . . . to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted); *United States v. Local 1804-1, Int'l Longshoreman's Ass'n*, 831 F.Supp. 167, 169 (S.D.N.Y. 1993) (Rule 52(b) motions should be granted where necessary to correct "manifest errors of law or fact," but they cannot be used to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits")

*Great Am. Ins. Co. of N.Y. v. USF Holland, Inc.*, 2013 U.S. Dist. LEXIS 62359, at *2-4 (S.D.N.Y. Apr. 30, 2013)

"A Rule 52(b) or 59(e) motion is not a vehicle for parties to seek a rehearing on the merits." *Gonzalez v. United States,* 2021 U.S. Dist. LEXIS 43698, at *6 (S.D.N.Y. Mar. 1, 2021).

Here, Goodman seeks reconsideration of the Court's ruling for the same purposes articulated as the intent of Rules 52 and 59, avoidance of waste of judicial resources that would be expended rehearing new iterations of the same complaints from the same pro se Plaintiff that have already been dismissed with prejudice. The same pro se Plaintiff has also already been warned that the Court would not tolerate his "judicial gamesmanship." Despite this, he continues his attempts to play. This case is ripe for sua sponte dismissal and a filing injunction against Plaintiff Sweigert.

**II.     The Court Could Reconsider its Ruling Pursuant to Rule 59(e)**

If the Court considers the time for a motion pursuant to FRCP Rule 59(e) to toll from the time defendant was served, this motion could also be considered pursuant to FRCP Rule 59(e) and Local Rule 6.3. In this Judicial Circuit the standard for granting a Rule 59(e) motions "is strict, and reconsideration will generally be denied.'" *Ursa Minor Ltd. v. Aon Financial Products,*

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 5

*Inc.*, 2000 U.S. Dist. LEXIS 12968, *1, 2000 WL 1279783 [**3] at *1 (S.D.N.Y. Sept. 8, v2000) (citation omitted). *See also Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)(Rule 59(e) "motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court"); *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999)("[a] district court has broad discretion in determining whether to grant a motion for postjudgment relief …"). The Court recognizes "that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996). *See also Range Road Music, Inc.,* 90 F. Supp. 2d at 392 ("limitation on motions for reconsideration is to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters'") (citation omitted); *Pennsylvania Insurance Guaranty Association v. Trabosh,* 812 F. Supp. 522, 524 (E.D. Pa. 1992) [**4]  ("motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources").
*In re Health Mgmt. Sys., Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)

     Here, Goodman does not seek reconsideration for any of the reasons discouraged in prior rulings.  As recognized in *Range Road Music,* the motion for reconsideration sought in this case is narrow and specifically focused on disposing of Plaintiff's repetitive arguments that have already been thoroughly considered by multiple other district Courts.  For the reasons set forth below, this Court should reconsider its ruling that granted Plaintiff consolidation of his vexatious Michigan litigation against a fictional corporate entity with this instant action.

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 6

The standards governing motions for reconsideration or reargument are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. *See Yurman v. Chaindom Enterprises, Inc.*, 2000 U.S. Dist. LEXIS 1747, No. 99 Civ. 9307, 2000 WL 217480, *1 (S.D.N.Y. Feb. 22, 2000) (Keenan, J.); *Davis v. The Gap, Inc.,* 186 F.R.D. 322, 323-24 (S.D.N.Y. 1994). Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered [*392] by the court. *See In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y 1996) (A Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). Likewise, a motion for reconsideration is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they [**3] been considered, might have reasonably altered the result before the court." *Yurman Design, Inc.*, 2000 U.S. Dist. LEXIS 1747, *1-2, 2000 WL 217480, at *1 (emphasis added) (internal citations omitted). The aforementioned limitation on motions for reconsideration is to ensure finality and to "prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).
*Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)

Courts have repeatedly sought to safeguard the integrity of decisions once adjudicated. In this case, Goodman's motion does the same. The Court has overlooked factual matters that, had they been considered, might have altered the Court's decision. The reconsideration sought in this case is not the type that might attempt to relitigate points already considered, but rather,

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 7

reconsideration in this matter would avoid relitigating claims that have already been dismissed with prejudice.  By attempting to consolidate the Michigan case with its fictional corporate defendant, Sweigert attempts to deceive the Court for an improper second bite at the judicial apple.  This is what Judge Valerie Caproni dubbed, Sweigert's attempt at a "judicial mulligan."  Sweigert attempts to deceive this Court and subvert Judge Caproni's decision in *Sweigert v Goodman* (See Case 1:18-cv-08653-VEC-SDA Document 383).  Judge Caproni admonished him then, waning, "[t]he Court will not tolerate judicial gamesmanship; Mr. Sweigert does not get a judicial mulligan."  This accompanied dismissal of all claims with prejudice, including NY Civil Rights Law §§ 50 & 51 claims.  Sweigert must not be allowed to recycle his dismissed claims in different venues by suing false corporate defendants he deceptively attributes to Goodman.

### III.   The Court Could Reconsider its Ruling Pursuant to Rule 60(b)

FRCP Rule 60(b) offers movants relief from judgment in cases of excusable mistakes or any other circumstance that justifies relief.  Sweigert must not be allowed to resuscitate claims against Goodman that have already been dismissed, by reasserting those claims against false corporate entitles, falselly associated with Goodman through deceptive schemes.

### CONCLUSION

For the reasons stated herein, the Court should reconsider its judgement and deny Plaintiff's motion to consolidate *Sweigert v MSDI* with this instant action, *Sweigert v Goodman*.  The Court should dismiss Sweigert's case sua sponte because, despite being warned, he has continued to engage in the very "judicial gamesmanship" Judge Valerie Caproni explicitly stated the Court would not tolerate.  Sweigert should be enjoined from bringing any future legal action

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 8

against Goodman or any legal entity associated with Goodman before first seeking leave of this Court, in addition to any other appropriate relief as determined by the Court.

Signed this 23rd day of October 2023

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(347) 380-6998
truth@crowdsourcethetruth.org

DEFENDANTS MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGEMENT - 9