IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case 1:23-cv-05875-JGK
                        D. G. SWEIGERT                                            Case 1:23-cv-06881-JGK

                            Plaintiff,                                            **MOTION TO AMEND**
           -against-                                                           **CAPTION**

                       JASON GOODMAN
                           Defendant.
-------------------------------------------------------------------X

      Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully moves this Honorable Court for an Order pursuant to FRCP Rule 42(a)(3), to amend the caption for the purpose of avoiding unnecessary cost or delay, to eliminate confusion, and to aid in resolving this dispute as efficiently as possible. The proposed amendment to the caption will not delay these proceedings, is not prejudicial to Plaintiff and does not deny his rights to seek redress for grievances against the proper defendant in this action, Goodman. The caption should be amended in the interest of justice and for the reasons set forth below.

## INTRODUCTION

      1.      Plaintiff David George Sweigert ("Sweigert") has initiated or otherwise insinuated himself into nearly two dozen legal actions against Defendant Goodman since 2017.

      2.      Despite having never met and having no practical reason or direct need to interact, Sweigert has injected himself into virtually every aspect of Goodman's professional and personal activities and has publicly stated his intention to sue Goodman for the rest of his life.

      3.      Sweigert has admitted to being a retired United States Air Force ("USAF") radio and information technology specialist. He has more than three decades of pro se litigation experience, has previously attended law school and has boasted of his participation in the amendment of the Federal Rules of Evidence as they pertain to electronic documents.

4. Sweigert is a sophisticated practitioner of ("Lawfare"), the craft of weaponizing litigation against perceived enemies. This case is set to become the next battlefield in Sweigert's never-ending, self-declared war of antagonistic litigation against Goodman.

5. The term Lawfare was coined by USAF Colonel Charles Dunlap jr., ("Dunlap") in a 2001 article, *Law & Military Interventions: Preserving Humanitarian Values in 21st Conflicts.*

https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=6193&context=faculty_scholarship

6. In his article, Dunlap describes Lawfare as, "the use of law as a weapon of war" and, "the newest feature of 21st century combat." Sweigert utilizes Dunlap's Lawfare tactics.

7. Sweigert has been warned by Judge Valerie Caproni that the U.S. District Court for the Southern District of New York, "will not tolerate judicial gamesmanship" (*See* Case 1:18-cv-08653-VEC-SDA Document 383). Judge Caproni was referring to vexatious Lawfare tactics similar to those Sweigert is attempting to employ here in this instant action.

8. Despite Judge Caproni's warning, Sweigert proceeds in his effort to deceive the Court with improper and even false, non-existent defendants intended to compel Goodman to retain counsel, increasing costs, introducing delay, and expanding the proceedings unnecessarily.

## BACKGROUND

9. Sweigert began his Lawfare campaign against Goodman in 2017. Proceeding like a military operation, he will persist until completing his objective of eliminating the target. He learns from each iterative failure and calculates new attack vectors. The Court cannot allow this.

10. Through years of research, Sweigert learned of past business ventures Goodman was involved in, including inactive or defunct corporate entities. These entities have no ongoing business activity, no office locations, no employees, no assets, and no ownership in, or liability for, any intellectual property or statements made by Defendant Goodman relevant to this matter.

11. These entitles have not conducted business from Goodman's residence and are unknown to the residential building staff. These defective entities cannot be served legal process via apartment building doormen or security personnel at Goodman's residential building.

12. The false entity MSDI is intended to conflate a multitude of defunct entitles from Goodman's past, with his current work in order to provide Sweigert with a Lawfare target that cannot be defended pro se. Step two in this plan is to harass retained counsel and compel withdrawal and default judgement as he has previously, (*See Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 Dkt. 102-2) (S.D.N.Y. 2021).

13. Even if Goodman is incorrect, and Sweigert did not concoct the false entity MSDI to wrongfully compel Goodman to retain counsel Sweigert would intend to harass into withdrawal, Sweigert is aware from previous litigation that MSDI is not an authentic corporate entity. He knows it is at least alleged to be a fiction constructed as part of a misguided effort to compel Goodman to retain counsel and wrongfully deny him the right to proceed pro se.

14. Despite this knowledge, Sweigert failed to seek evidence to prove MSDI is a legitimate legal entity while he continues to attempt to deceive this Court with filings that casually and wrongfully associate defendants other than Goodman with the consolidated case, solely to increase costs and otherwise delay these proceedings unnecessarily.

## ARGUEMENT

15. On October 5, 2023, the Court issued an Order, granting "plaintiff's motion to consolidate Sweigert v. Goodman, No. 23-cv-6881 and Sweigert v. Goodman, No. 23-cv-5875." (*See* Case No. 23-cv-6881 Dkt. 34 / Case No. 23-cv-5875 Dkt. 20)

16. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may:

>  (1) join for hearing or trial any or all matters at issue in the actions;
>
>  (2) consolidate the actions; or
>
>  (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); *see also Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.") (internal quotation marks and citations omitted). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, U.S., 138 S. Ct. 1118, 1131, 200 L. Ed. 2d 399 (2018); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (same). "However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield [*4] to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (quoting Johnson, 899 F.2d at 1284-85); *see also Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464 (S.D.N.Y. 1977) ("consolidation should not be ordered if it would prejudice defendant"). "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation." *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (internal quotation marks and citations omitted).

*Mitsubishi Logistics Ams. Corp. v. Ocean Network Express Pte. Ltd.,* No. 20-CV-6319 (GHW) (RWL), 2021 U.S. Dist. LEXIS 350, at *3-4 (S.D.N.Y. Jan. 4, 2021).

    17.    Goodman's motion seeks only to fulfill the purpose of FRCP Rule 42(a)(3) and avoid unnecessary cost and delay by curtailing Sweigert's judicial gamesmanship at the outset.

18. *Malcolm v. National Gypsum* cited the need for a court's discretion to yield to "concern for a fair and impartial trial" when considering consolidation. In this case, failure to admonish Plaintiff from attempting to introduce improper defendants apart from those joined by the Court's Order to consolidate the actions would fail to meet this standard.

19. In its order granting consolidation, the Court referred to both Case No. 23-cv-6881 and Case No. 23-cv-05875 as "Sweigert v. Goodman." It was in part on this basis that the Court determined the related cases should be consolidated. Arguing over additional dubious defendants at this stage would introduce additional cost and likely significant delay, with no clear benefit to the plaintiff or his ability to exercise the right to seek redress of grievances.

20. In *Flintkote Co. v. Allis-Chalmers,* the court determined, "consolidation should not be ordered if it would prejudice defendant." Having already granted consolidation, the Court must consider if denying this motion would be prejudicial to Goodman. It would introduce undue delay and burden Goodman with the expense of retaining counsel to represent the fake corporate entities in order to explain they are not the rightful defendants in this case.

21. Pursuant to FRCP Rule 42(a)(3), and by referencing both cases as "Sweigert v. Goodman," the Court has already eschewed a multitude of inconvenient and irrelevant issues that would cause unnecessary delay, increasing the duration and cost of these proceedings. This instant motion should not be necessary however Plaintiff's long history of Lawfare and most recent filing prompted this motion.

22. On October 28, 2023, Plaintiff sent an email including a filing purporting to be a CERTIFICATE OF SERVICE MADE 10/12/2023 UPON JASON GOODMAN, SOLE STOCKHOLDER MULTIMEDIA SYSTEM DESIGN, INC.

23. Goodman is not the sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC. and was not at any time since the filing of this instant action.

24. MSDI is not an active corporation, and no shares of stock are owned by any individual to Goodman's knowledge. Sweigert knew this information or reasonably should have known this, at the time he made the filing. Plaintiff attempts deceive the Court with improper defendants for the express purpose of adding unnecessary cost and delay.

25. Evidence proving the existence of every corporate entity registered in New York State is publicly available on the New York Secretary of State website. (https://apps.dos.ny.gov/publicInquiry/)

26. Sweigert cannot cite evidence that MSDI is a legitimate or active corporate entity and will fail if compelled to. Without proof indicating the existence of Multimedia Systems Design, INC., Multimedia System Design, Inc. D/B/A/ Crowdsource the Truth, Jason Goodman D/B/A/ Crowdsource the Truth or Jason Goodman, D/B/A/ 21st Century 3D, all references to defendants in the consolidated case should be presumed to refer to Defendant Goodman only.

27. Sweigert should not be permitted to make new filings or initiate new actions against fictional MSDI or any entity he knows to be fictional, inactive, or otherwise improper.

28. Sweigert should not be permitted to fraudulently represent that he has effectuated service of process on a non-existent, and otherwise un-servable, fictional entity created by him that has never conducted business at Goodman's residential home address and has not been properly served there or anywhere.

29. To Goodman's knowledge, natural persons cannot apply for, nor receive, doing business as, ("D/B/A") assumed names from the New York Secretary of State.

30. Even if there is a process by which a natural person could apply for a D/B/A/ from the Secretary of State or any other authority, Goodman has not done so, and no legal entity with the name "Jason Goodman d/b/a/ Crowdsource the Truth" ("JGCSTT"), or "Jason Goodman d/b/a/ 21st Century 3D" ("JG3D"), ever existed or operated under Goodman's control.

31. Just like MSDI, both JGCSTT and JG3D are not legitimate legal entities, but weapons of Lawfare intended to trap Goodman and subject him to litigation costs and burden.

32. These false entitles are insidiously created by Sweigert and used as tools in his deceptive Lawfare scheme. The entities are intended to fool the Court into believing they are legitimate corporate defendants requiring representation of a licensed Bar member.

33. Sweigert should not be permitted to refer to false, concocted, fictional entities MSDI, JGCSTT or JG3D in the context of this or any other legal action.

34. Even when the defunct legitimate corporate entities previously owned by Goodman were active, they did not own or control any content or statements produced by the natural person defendant Goodman or published on the internet as alleged in this case.

35. Crowdsource the Truth is not a business entity it is the name of Goodman's internet talk show originally broadcast on his namesake "JASON GOODMAN" YouTube channel in or around 2016. A name cannot be sued pursuant to FRCP Rule 17(b)(2).

36. Even if the Court disagrees with Goodman and accepts the false names of made-up non-entities or unrelated inactive corporations as presented by Sweigert, 47 U.S. Code § 230(c)(1) should prevent a movant from treating MSDI, a "provider or user of an interactive computer service [as] the publisher or speaker of any information provided by another information content provider" such as Goodman. This should prevent what Sweigert is attempting even if the alternate entity were real or fictional, a corporation or a natural person.

## CONCLUSION

37.For the reasons stated herein and for any other reasons to be determined by the Court, in the interest of decreasing any doubt or confusion, and to avoid unnecessary costs or delay, an Order should be issued conclusively amending the caption of this case to Sweigert v. Goodman, and Goodman should be determined to be the proper defendant in this consolidated action. Any other incorrect names of entities that are not the natural person Defendant Goodman, are not valid legal or corporate entities, are not active corporations owned by Goodman, or otherwise have no ownership of or liability for intellectual property that gave rise to claims alleged in this case, should be eliminated from the caption, and disallowed from any further reference in this or other related matters indefinitely.

Dated: New York, New York October 29, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998