UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert<br>Plaintiff,<br><br>            -against-<br><br>Jason Goodman,<br>Defendant | PRO SE<br><br>23-cv-05875-JGK-VF<br><br>Assigned to: Judge John G. Koeltl<br><br>Referred to: Magistrate Judge<br>             Valerie Figueredo<br><br>Related Case:  23-cv-06881-JGK-VF |

NOTICE OF MOTION
TO SET-ASIDE, OR OTHERWISE AMEND,
MEMO ENDORSEMENT AT ECF NO. 93

The *pro se* Plaintiff seeks *de novo* review from this Court as a consequence of the Defendant's papers filed at **ECF no. 92** and the Magistrate's Memo Endorsement of same at **ECF no. 93** subject to evaluation under a "clearly erroneous or contrary to law" standard (Fed.R.Civ.P. 72(b)) by the District Judge.

This is a sworn pleading.

December 17, 2023 (12/17/2023)

*/s/ D. Sgt/*

D. G. SWEIGERT PRO SE PLAINTIFF, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**....................................................................................................**3**

**LAW AND ARGUMENT**......................................................................................................**14**

**CONCLUSION** ......................................................................................................................**16**

# TABLE OF AUTHORITIES

**Cases**

*6D Global Techs., Inc. v. Beilu*, 15 Civ. 1120 (LGS) (S.D.N.Y. May. 3, 2016). ........................14

*Bloom v. Rock,* No. 06-CV-6301, 2010 WL 2267468...............................................................14

*Chiulli v. Internal Revenue Service,* No. 03 Civ. 6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (citing cases) .......................................................................................................13

*Diaz v. Girdich,* No. 04 Civ. 5061, 2007 WL 187677, at * 1 (S.D.N.Y. Jan 23, 2007)..............13

*Goodman v. City of New York,* 23-cv-09648-JGLC-GWG .........................................................8

*Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG .............7

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ........................................................................13

*In re Quebecor World (USA), Inc.,* No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015)..................................................................................................................................14

*In re Queen Elizabeth Realty Corp.* 586 B.R. 95 (S.D.N.Y. 2018)............................................14

*Lo Bosco v. Kure Eng'g Ltd*., 891 F. Supp. 1035, 1037 (D.N.J. 1995) ........................................14

*Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) ...............................................................................................................11

*Nolasco v. United States*, 358 F.Supp.2d 224, 229 n.9 (S.D.N.Y. 2004)...................................13

*Pall Corp. v. Entegris, Inc*., 249 F.R.D. 48, 52 (E.D.N.Y. 2008) ...............................................13

*Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 398-99, 113 S.Ct. 1489, 1500, 123 L.Ed.2d 74 (1993)..................................................................................................15

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395..........................14

*Pioneer Investment Service Co. v. Brunswick Associates, Ltd Partnership,* 113 S.Ct. 1489 (1993) ...................................................................................................................................4

*Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003) .......................................14

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) ....................................13

*United States v. Taylor,* No. 97 Cr. 490, 1998 WL 118173, at *2 (S.D.N.Y. March 16, 1998)..13

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ......................................................14

*Williams v. KFC Nat. Mgmt. Co.,* 391 F.3d 411, 415-16 (2d Cir. 2004) ....................................15

**Statutes**

28 U.S.C. § 636(b)(1)(C) (1994)...................................................................................................13

**Rules**

Fed.R.Civ.P. 72(b)......................................................................................................................1, 4

Fed.R.Civ.Proc. 6(b)(1)(B) .......................................................................................................4, 14

## MOTION TO SET-ASIDE, OR OTHERWISE AMEND, MEMO ENDORSEMENT AT ECF NO. 93
### (SWORN)

*Introduction.*  Defendant Jason Goodman failed to meet the standard of "excusable neglect" in last minute pleading papers that were endorsed less than 24 hours after they were filed.  Nothing Goodman cites in ECF no. 92 constitutes "excusable neglect".  There is evidence of neglect, but it is not "excusable neglect".  The Court should consider Goodman's untimely action by asking whether the failure to meet the deadline resulted from excusable neglect.

*De Novo* **Review.**  This is a garden-variety motion for a *de novo* review of the Magistrate's Memo Endorsement at ECF no. 93, 12/15/2023 (issued late Friday evening) which endorsed misrepresented facts made by Defendant Goodman in his emergency motion for extension (ECF no. 92, 12/14/2023).  This was Goodman's second request for an extension having enjoyed a 10/23/2023 to 12/15/2023 grace period for a previous extension.

The Plaintiff seeks the Court's review of the Magistrate Judge's decision (ECF no. 93) subject to evaluation under a "clearly erroneous or contrary to law" standard (Fed.R.Civ.P. 72(b))

**Objections to ECF no. 93.**  Goodman's last-minute inexcusable request for an extension of the filing deadline to answer[1] succeeded at deceiving this Court.  Nonetheless, Goodman failed to meet his burden of demonstrating excusable neglect in accordance with the Fed.R.Civ.Proc. 6(b)(1)(B) and the  U.S. Supreme Court's *Pioneer Test*, named for *Pioneer Investment Service Co. v. Brunswick Associates, Ltd Partnership,* 113 S.Ct. 1489 (1993).

---

[1] Plaintiff informed the Magistrate of his objections by electronic mail to chambers on 12/15/2023

Indeed, the reason for the delay is entirely unclear. See *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 249-51 (2d Cir. 1997) (construing narrowly the "excusable neglect" standard set forth in Pioneer); *Mattel, Inc. v. Radio City Entm't,* 210 F.R.D. 504, 505 (S.D.N.Y. 2002) (rejecting claim of "excusable neglect" where the reason for the late filing was that the movant merely "overlooked or forgot about Rule 54(d)(2)(B)").

**Background.** This is only the second legal action ever filed by the Plaintiff against the Defendant within the past six (6) years.in this District. Defendant sued the Plaintiff in *Goodman v. Bouzy*, dismissed with prejudice over 120 days ago. Goodman's legal intrigues during the first deadline extension of the (10/23/2023 to 12/15/2023)[2] are shown below.

| Case Caption | Status | Latest event |
|---|---|---|
| *Goodman v Bouzy,* 1:21-cv-10878-AT-JLC, (SDNY) Dismissed w/ prejudice | Presently stayed pending appeal in the 2nd Circuit. Sanctions awarded defendants. | Magistrate reviewed unresolved motions for the 2nd Circuit. |
| *Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) | Goodman denied intervention. Sanction awarded to plaintiffs. Goodman filed 73-page FRCP 60(b)(4). | Goodman has filed and appealed FRCP 60(b)(4). Court of Appeals Docket #: 23-7952 |
| *Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG | Filed Halloween 2023. | Defendant Twitter to file motion to dismiss. |
| *Sweigert v. Goodman,* 23-cv-01228-JRS-MG (S.D.IND). | Goodman filed motion to stay proceedings. | No action taken on the so-called "fraud on the court" pleading filed by Goodman. |

---

[2] ECF no. 92: As Goodman states, "The Court previously granted one extension on October 23, 2023, making the new time to respond December 15, 2023 (Dkt. 37)."

## **PROCEDURAL HISTORY**

In this action, on 10/18/2023 via ECF no. 28, Mr. Goodman requested his first extension to answer, which was approved one week later on 10/23/2023 (ECF no. 34), creating a new filing deadline of 12/15/2023 (commencing a 53-day "first grace period").

Having failed to meet the new deadline to answer (12/15/2023), Goodman waited one day before the deadline to file his ECF no. 92 papers. By Memo Endorsement at ECF 93, the Magistrate created a new deadline, January 16, 2023.

### *Magistrate's Hearing ECF no. 78*

On 11/28/2023 at a scheduled hearing (ECF no. 78), the Magistrate, Plaintiff and Court staff waited twenty-five (25) minutes for Goodman to telephonically join the hearing (unnecessary delay). In fact, Court personnel had to summon Goodman away from his tweeting to attend this hearing[3], see below:



https://twitter.com/JG_CSTT/status/1729532360096461194

At the 11/28/2023 hearing, the Magistrate reminded that Goodman had an ANSWER due to the Court on 12/15/2023. Goodman had the opportunity to advise the Magistrate of his need for more time to answer.

---

[3] https://twitter.com/JG_CSTT/status/1729532360096461194

7

## MITIGATING FACTORS

*Ancillary Litigation*

None of the papers described by Goodman (ECF no. 92) in *Goodman v. Bouzy* required a responsive pleading, thus if Goodman invested no time in preparing responsive papers. Goodman needs to explain how this is considered "excusable neglect" (shown below):

| 11/19/2023 | 267 | LETTER addressed to Magistrate Judge James L. Cott from D.G. Sweigert, dated 11/19/23 re: As expected and predicted in ECF #255, Mr. Goodman has again filed another action against Adam Sharp, President olf the EMMY Awards and President of Sharp Things LLC, a defendant in this present legal action. Document filed by David George Sweigert.(sc) Modified on 11/21/2023 (sc). (Entered: 11/20/2023) |
|---|---|---|
| 12/05/2023 | 270 | **REQUEST FOR JUDICIAL NOTICE.** Document filed by David George Sweigert. (Attachments: # 1 Cert. of Service).(sc) (Entered: 12/06/2023)<br><br>**[emphasis added]** |
| 12/12/2023 | 271 | NOTICE OF DEFENDANT'S OPPOSITION TO REPORT & RECOMMENDATION AT ECF NO. 269(11/28/23) re: 269 Report and Recommendations. Document filed by David George Sweigert. (sc) (Entered: 12/13/2023) |

In *Goodman v. Bouzy*, officially term'ed on 6/29/2023 with prejudice, Goodman sued his former roommate concerning allegations by the roommate that Goodman had sex with underaged[4] girls from the dating application TINDER, hence the term "here comes crazy Jason, the child rapist"[5].

*Goodman files new action during first grace period*

---

[4] Sexual relations with a 16 y.o. is considered "child rape" in the State of New York (under the age of consent).
[5] Case 1:23-cv-05875-JGK-VF Document 92 Filed 12/13/23 Page 5 of 5

One-week after receiving the new 12/15/2023[6] deadline (on the seventh day of the 53-day grace period) Goodman filed a new lawsuit on Halloween night 2023, *Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG.

As Goodman states in ECF no. 92,

> "Then, on November 17, 2023, in the same case, Sweigert filed a frivolous letter motion seeking to intervene in the case. This motion was denied, (See Case 1:23-cv-09648-JGLC-GWG Document 8)."

That motion was denied on the court's own volition, no pleading required, or filed, by Goodman. Goodman would have invested no time in preparation of papers in this matter. (*Goodman v. City of New York,* 23-cv-09648-JGLC-GWG)

| 11/16/2023 | 7 | LETTER addressed to Judge Jessica G. L. Clarke from D.G. Sweigert, dated 11/17/23 re: LETTER MOTION SEEKING LEAVE TO FILE FRCP RULE 24(b) MOTION TO INTERVENE AS A DEFENDANT. (sc) (Entered: 11/17/2023) |
| --- | --- | --- |
| 11/22/2023 | 8 | MEMO ENDORSEMENT on re: 7 Letter. ENDORSEMENT: Application DENIED. Case law holds that a reputational interest in a litigation as is suggested in this letter is insufficient to justify intervention. See, e.g., A.S. v. City Sch. Dist. of Albany, 2021 WL 4198411, at *6 (N.D.N.Y. Aug. 11, 2021). The other interests claimed are also insufficient to justify either permissive intervention or intervention as of right under Fed. R. Civ. P. 24. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 11/21/2023) (tg) (Entered: 11/22/2023) |

### The Indiana Lawsuit

In like fashion Goodman does not explain how pleadings in an Indiana legal action, that require no response, are justification for his "excusable neglect"[7]. In the Indiana case Mr. Goodman

---

[6] One 10/18/2023 via ECF no. 28 Mr. Goodman asked for an extension of the deadline to file his ANSWER, approved one week later on 10/23/2023 (ECF no. 34).

[7] See ECF no. 92, "Additionally, Sweigert made numerous frivolous filings in Sweigert v Goodman in the Southern District of Indiana, (See Case 1:23-cv-01228-JRS-MG)"

has yet to be served the Amended Complaint docketed 11/11/2023. Again, no responsive pleadings have been required of Mr. Goodman.

Goodman, voluntarily acting on his own volition, filed ECF no. 30 (81 pages) and ECF no. 18 (24 pages). Goodman created over 100 pages of pleading papers thirty (30) days into the *first grace period*. These papers (ECF 17/18) were filed on the day before Thanksgiving.

| | | |
|---|---|---|
| 11/22/2023 | 17 | NOTICE OF Motion to Stay Proceedings, filed by Defendant, Jason Goodman (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |
| 11/22/2023 | 18 | MOTION (Memorandum) to Stay Proceedings, filed by Defendant Jason Goodman. (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |
| 12/04/2023 | 30 | **MOTION Request for Judicial Notice,** filed by Defendant Jason Goodman. (Attachments: # 1 Exhibits)(DWH) Modified to correct filing party on 12/7/2023 (JRT). (Entered: 12/06/2023)<br><br>**[emphasis added]** |

**Subjective Conclusory statements**

As Mr. Goodman states in ECF no. 92, quoted in relevant part:

> "I respectfully request an amount of time equal to the time required for the U.S. District Court for the Southern District of Indiana to make a determination with regard to an investigation into fraud upon the court. Alternately, I request an extension of sixty days, or any other appropriate amount of time as determined by the Court."

Goodman has already brought the matter of the non-existent "fraud investigation" that is not underway in the federal court serving Southern Indiana, noted below:

| | | |
|---|---|---|
| 11/22/2023 | 84 | NOTICE OF MOTION TO STAY THE PROCEEDINGS PENDING RESOLUTION OF THE INVESTIGATION INTO FRAUD ON THE COURT. Document filed by Jason Goodman.Filed In Associated Cases: 1:23-cv-05875-JGK-VF, 1:23-cv-06881-JGK- |

| | | |
|---|---|---|
| | | VF(sc) (Additional attachment(s) added on 11/27/2023: # 1 Errata Cert. of Service) (sc). (Entered: 11/27/2023) |

The Magistrate has already ruled on the relevancy of utilizing the *Indiana fraud investigation* as justification to stay these proceedings, noted below:

| 12/01/2023 | 87 | ORDER denying 45 Motion to Amend/Correct 45 MOTION to Amend/Correct., 84 MOTION to Stay. ; denying 84 Letter Motion to Stay re: 45 MOTION to Amend/Correct., 84 MOTION to Stay. For the reasons discussed at the conference on November 28, 2023, Defendant's motion to amend the caption (see ECF No. 45) is denied. As explained at the conference, to the extent Defendant believes that Plaintiff has separately named "Crowdsource the Truth" or "21st Century 3D" as defendants in this action, Defendant can seek to have those entities dismissed from the case via a motion to dismiss. A motion to amend the caption is not the correct procedural vehicle for the relief Defendant seeks. Additionally, the motion to stay the proceedings at ECF No. 84 is also denied. Although Defendant contends that Plaintiff has filed a frivolous and vexatious litigation (see ECF No. 85), there has been no adjudication on the merits in this case yet. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 45 and 84. (Signed by Magistrate Judge Valerie Figueredo on 12/1/2023) (rro) (Entered: 12/01/2023) |
|---|---|---|

Mr. Goodman was informed by the order of ECF no. 87 that taking a position to stay the proceedings (for which the Magistrate already considered and rejected) for an *Indiana fraud investigation* would be a fruitless endeavor as any Indianna proceeding is inconsequential to this legal action. Nonetheless, Goodman advances the hoax of an *Indiana fraud investigation* into his papers of ECF no. 92.

The only irregularities currently under investigation presently, is the transmission of a proposed stipulation document from the associate counsel of PATREON, LLC (defendant in Indiana with Goodman) to the Plaintiff that was contaminated with computer hacking malware. This was documented with the collection evidence procured with computer forensics at the time of the

incident and was witnessed by a lab technician. It was Goodman's co-defendant PATREON that transmitted documents laced with spyware and key-loggers, not the Plaintiff (who is a professional Certified Ethical Hacker).

"Due to his ongoing cyber stalking, hacking and attempts at unauthorized access of my computer, I will not communicate with him by email,[8]" Goodman's statement that the Plaintiff transmitted to him computer malware, to justify his black-out of email communications, is untruthful and can not be proven. There have been no attempts at unauthorized access into Defendant's computer by the Plaintiff. The same can not be said for PATREON (see affirmation at the end of this paper).

*History of abusive conduct*

This Court will be well-advised to heed District Judge Valerie E. Caproni who has stated, Jason Goodman "traffics in conspiracy theories". *Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) (*NATAS v. MSDI*). Goodman has demonstrated his ability to exploit his status as a *pro se* litigant as observed by Judge Caproni who issued a sanctions order against Goodman, noting in particular an e-mail message sent by Goodman; quoted in relevant part (*NATAS v. MSDI*):

> "I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together. I also sent this to [the confidential email address] first time I ever emailed that address. Let's see if there's any response. Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again."
> Case 1:20-cv-07269-VEC-OTW Document 156 Filed 02/22/22 Page 1 of 7

---

[8] Case 1:23-cv-05875-JGK-VF Document 92 Filed 12/13/23 Page 3 of 5

(https://storage.courtlistener.com/recap/gov.uscourts.nysd.543701/gov.uscourts.nysd.543701.156.0.pdf)

See also Judge Caproni's pre-filing ORDER against Goodman dated 2/22/2022, ECF no. 86.

Meanwhile, Goodman has been busy filing pleadings and appeals in that case, see below:

| 11/29/2023 | 186 | MEMO ENDORSEMENT denying 184 Motion to Vacate 184 MOTION to Vacate. ENDORSEMENT Application DENIED. Defendant's Rule 60(b) motion to vacate this Court's prior orders is denied as frivolous. SO ORDERED. (Signed by Judge Valerie E. Caproni on 11/29/2023) (jca) (Entered: 11/29/2023) |
|---|---|---|
| 12/04/2023 | 189 | NOTICE OF APPEAL from 186 Order on Motion to Vacate. Document filed by Jason Goodman. Form D-P is due within 14 days to the Court of Appeals, Second Circuit.(km) (Entered: 12/04/2023) |

During the *first grace period* Mr. Goodman had ample time to travel to Washington, D.C. and distribute a 73-page Fed.R.Civ.Proc. 60(b)(4) (ECF no. 186 above) pleading to member s of Congress (supposedly); see video below.



https://www.youtube.com/watch?v=8BsSC39Df8c



https://www.youtube.com/watch?v=ISbh2bt1p10



https://www.youtube.com/watch?v=47ShSgKo1D8



https://www.youtube.com/watch?v=47ShSgKo1D8

https://www.youtube.com/@CSTT10

## LAW AND ARGUMENT

***Liberality.*** Because both parties are *pro se* (Plaintiff and Defendant Goodman), the Court should construe all of their pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

A party's *pro se* status is relevant in determining whether there has been excusable neglect. See *United States v. Taylor,* No. 97 Cr. 490, 1998 WL 118173, at *2 (S.D.N.Y. March 16, 1998)[9]. However, it does not by itself excuse a litigant from complying with procedural rules. See *Chiulli v. Internal Revenue Service,* No. 03 Civ. 6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (citing cases).

***De Novo* Review.** In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz*

---

[9]

*v. Girdich,* No. 04 Civ. 5061, 2007 WL 187677, at * 1 (S.D.N.Y. Jan 23, 2007) (internal quotation marks omitted).

Under *de novo* review pursuant to Fed.R.Civ.P. 72(b) a Court may review the entirety of the record. see *Pall Corp. v. Entegris, Inc*., 249 F.R.D. 48, 52 (E.D.N.Y. 2008); *Nolasco v. United States*, 358 F.Supp.2d 224, 229 n.9 (S.D.N.Y. 2004) ("[A] district court may receive further evidence when it undertakes a *de novo* review of a magistrate judge's findings.").

"Rule 72(b) explicitly permit[s] the district court to receive additional evidence as part of its review. See 28 U.S.C. § 636(b)(1)(C) (1994) ("[T]he [district] judge may also receive further evidence . . . ."); Fed. R. Civ. P. 72(b) ("The district judge may . . . receive further evidence . . . .")," *6D Global Techs., Inc. v. Beilu*, 15 Civ. 1120 (LGS) (S.D.N.Y. May. 3, 2016).

A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Eng'g Ltd*., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)).

***No proof of excusable neglect.*** Fed.R.Civ.Proc. 6(b)(1)(B) "provides that courts may accept late filings from a party 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Bloom v. Rock,* No. 06-CV-6301, 2010 WL 2267468, at *11 (S.D.N.Y. May 27, 2010) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Four factors are considered in evaluating excusable neglect: "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, **[3] the reason for the delay, including whether it was within the reasonable control of the movant, and** [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir.

2003) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395) [emphasis added]

"The Second Circuit takes "a hard line" in applying the Pioneer test, and admonishes district courts to focus their inquiry on the third factor—the reason for the delay. *In re Enron Corp.*, 419 F.3d at 122 ," cited in *In re Queen Elizabeth Realty Corp*. 586 B.R. 95 (S.D.N.Y. 2018). Many courts have noted that the third prong of the *Pioneer Test* is the most important, "the Pioneer factors are not given equal weight," *In re Quebecor World (USA), Inc.,* No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015), appeal dismissed (2d Cir. Nov. 4, 2015), and courts "focus[] on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch, 333 F.3d at 366 (internal quotation marks omitted); *Williams v. KFC Nat. Mgmt. Co.,* 391 F.3d 411, 415-16 (2d Cir. 2004) (reason for delay is most important factor, and "the other three are significant only in close cases"). Goodman does not meet the burdens of the U.S. Supreme Court's *Pioneer Test.*

Merely establishing "excusable neglect" does not entitle one to relief from a filing deadline; even upon a showing of "excusable neglect," whether to grant an enlargement of time still remains committed to the discretion of the district court. Cf. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 398-99, 113 S.Ct. 1489, 1500, 123 L.Ed.2d 74 (1993)

**Summary.**  The Court should consider Goodman's untimely action by asking whether the failure to meet the deadline resulted from excusable neglect.

## CONCLUSION

The traditions of American justice demand a broad and unprejudiced view of this matter. The subjective ECF no. 92 papers have been submitted in bad faith, as outlined above. Enough is enough.

This Court needs to create reasonable boundaries for Goodman's judicial abuse. Goodman has failed to comply with this Court's orders and has not met prong three (3) of the *Pioneer Test*. Goodman should not have been granted the extension of the filing deadline for his ANSWER to January 16, 2024. A *de novo* review is required for the protections for this Court. The Court must set-aside or otherwise amend the Memo Endorsement in the interest of equitable justice and procedural integrity.

## AFFIRMATION

The undersigned hereby swears that he has never transmitted to Mr. Jason Goodman any kind of malicious computer code, or malware, in any shape or form or in any e-mail message as it would violate the oath of a Certified Ethical Hacker. The issue of the transmission of malicious software code in an e-mail message is related to the actions of the associate counsel of PATREON, LLC, the co-defendant in the legal action to which is referred to as the Indiana lawsuit.

Further, the undersigned swears that he has watched 20-25 video podcasts of Jason Goodman's covert telephone recordings that he has placed in the public sphere with podcasts. This has created an apprehension for the undersigned that any telephonic communications with Goodman will be rebroadcast on his social media conspiracy network.

Certified under penalties of perjury.   December 17, 2023 (12/17/2023)

**D. G. SWEIGERT *PRO SE* PLAINTIFF, C/O,
PMB 13339, 514 Americas Way, Box Elder, SD 57719**

## CERTIFICATE OF SERVICE

**It is hereby certified under the penalties of perjury that a true copy of this pleading has been sent to:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC., served via U.S. Postal Mail addressed to Jason Goodman, 252 7th Avenue, New York, New York 10001

Certified under penalties of perjury.

December 17, 2023

*D. Sgt*

        **D. G. SWEIGERT PRO SE PLAINTIFF, C/O**
        PMB 13339, 514 Americas Way,
        Box Elder, SD 57719