UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert<br>Plaintiff,<br><br>            -against-<br><br>Jason Goodman,<br>Defendant | PRO SE<br><br>23-cv-05875-JGK-VF<br><br>Assigned to: Judge John G. Koeltl<br><br>Referred to: Magistrate Judge Valerie Figueredo<br><br>Related Case:  1:23-cv-06881-JGK-VF |

**MOTION FOR A DEFAULT NOTATION AGAINST JASON GOODMAN**

---

The *pro se* Plaintiff seeks relief from this Court as a consequence of the Defendant's papers filed at **ECF no. 92.** This is a sworn pleading.

December 14, 2023 (12/14/2023)

*[signature: D. Sgt]*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................................**4**

**RELIEF REQUESTED** ........................................................................................................**6**

**RELEVANT FACTS** ............................................................................................................**7**

**LAW AND ARGUMENT**..................................................................................................**11**

**CONCLUSION** ...................................................................................................................**12**

# **TABLE OF AUTHORITIES**

**Cases**

*Bloom v. Rock,* No. 06-CV-6301, 2010 WL 2267468..................................................................9

*Goodman v. City of New York,* 23-cv-09648-JGLC-GWG .........................................................6

*Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG .............6

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ...........................................................................4

*In re Quebecor World (USA), Inc.,* No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015)....................................................................................................................................9

*Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) ................................................................................................................8

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395..............................9

*Pioneer Investment Service Co. v. Brunswick Associates, Ltd Partnership,* 113 S.Ct. 1489 (1993) .......................................................................................................................................4

*Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003) .......................................9

*Sweigert v. Cable News Network, Inc*. (2:20-cv-12933), District Court, E.D. Michigan..............9

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) .....................................4

*Williams v. KFC Nat. Mgmt. Co.,* 391 F.3d 411, 415-16 (2d Cir. 2004) .....................................9

**Rules**

Fed.R.Civ.Proc. 6(b)(1)(B) ....................................................................................................4, 9

## MOTION FOR A DEFAULT NOTATION AGAINST JASON GOODMAN PURSUANT TO ECF NO. 92
## (SWORN)

**Procedural history.** It is assumed that all parties are familiar with the procedural history of this action up to the point where Mr. Goodman requested an additional extension of time to file a responsive ANSWER to the Amended Complaint (ECF no. 92).

**Liberality.** Because both parties are *pro se* (Plaintiff and Defendant Sweigert), the Court should construe all of their pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

### RELIEF REQUESTED

Defendant Jason Goodman filed papers at ECF no. 92 which can be construed as a motion to plead out of time, having failed to meet the Court imposed deadline of filing his ANSWER to the Amended Complaint on 12/15/2023. As Goodman states, "The Court previously granted one extension on October 23, 2023, making the new time to respond December 15, 2023 (Dkt. 37)."

The undersigned adversary does not consent to Goodman's request as he has failed to meet his burden of demonstrating excusable neglect in accordance with the Fed.R.Civ.Proc. 6(b)(1)(B) and the U.S. Supreme Court's *Pioneer Test*, named for *Pioneer Investment Service Co. v. Brunswick Associates, Ltd Partnership,* 113 S.Ct. 1489 (1993). Therefore, the ECF no. 92 papers have been submitted in bad faith, as outlined below.

The Court should issue a Notation of Default to memorialize for the record Goodman's failure to meet Court imposed deadlines (12/15/2023 ANSWER required). As described below Goodman willfully avoided filing an ANSWER to the Amended Complaint and a record of his bad faith should be made.

## RELEVANT FACTS

*Magistrate's Hearing*

On 11/28/2023 the Magistrate, Plaintiff and Court staff waited twenty-five (25) minutes for Jason Goodman to telephonically join the proceedings. In fact, Court personnel had to summon Goodman away from his tweeting to attend this hearing[1], see below:



https://twitter.com/JG_CSTT/status/1729532360096461194

At the 11/28/2023 hearing, the Magistrate reminded that Goodman had an ANSWER due to the Court on 12/15/2023.

*Ancillary Litigation*

To support his claim for excusable neglect Goodman cites a legal action in which he sued the Plaintiff, quoted in relevant part:

---

[1] https://twitter.com/JG_CSTT/status/1729532360096461194

> "On November 19, 2023, Sweigert filed an unnecessary letter motion in Goodman v Bouzy, (See Case 1:21-cv-10878-AT-JLC Document 267). Then on December 5, 2023, in the same case, Sweigert filed an unnecessary request for judicial notice (See Case 1:21-cv-10878- AT-JLC Document 270). Then on December 12, 2023, Sweigert filed papers docketed as objection to the report and recommendation, but which read like a relitigation of absurd new claims against Goodman."

None of the papers described above in *Goodman v. Bouzy* and cited in ECF no. 92 required a responsive pleading, thus Goodman must explain how such filings caused his "excusable neglect" (shown below):

| 11/19/2023 | 267 | LETTER addressed to Magistrate Judge James L. Cott from D.G. Sweigert, dated 11/19/23 re: As expected and predicted in ECF #255, Mr. Goodman has again filed another action against Adam Sharp, President olf the EMMY Awards and President of Sharp Things LLC, a defendant in this present legal action. Document filed by David George Sweigert.(sc) Modified on 11/21/2023 (sc). (Entered: 11/20/2023) |
|---|---|---|
| 12/05/2023 | 270 | REQUEST FOR JUDICIAL NOTICE. Document filed by David George Sweigert. (Attachments: # 1 Cert. of Service).(sc) (Entered: 12/06/2023) |
| 12/12/2023 | 271 | NOTICE OF DEFENDANT'S OPPOSITION TO REPORT & RECOMMENDATION AT ECF NO. 269(11/28/23) re: 269 Report and Recommendations. Document filed by David George Sweigert. (sc) (Entered: 12/13/2023) |

That case has been terminated for over 120 days.

> 1:21-cv-10878-AT-JLC Goodman v. Bouzy et al
> Analisa Torres, presiding
> James L. Cott, referral
> Date filed: 12/19/2021
> Date terminated: 06/29/2023
> Date of last filing: 12/14/2023

***Goodman files new action***

One week after the 10/23/2023 request for an extension to file an ANSWER was approved by the Court, Goodman filed yet another lawsuit on Halloween night 2023, *Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG.  Goodman also made sure to publish the private physical address in an unnecessary docketing of the summons of the Adam Sharp family home in Hartford, Connecticut on Thanksgiving week.

Concerning the Plaintiff's attempt to intervene in that legal action (*Goodman v. City of New York,* 23-cv-09648-JGLC-GWG), again there was no responsive pleading required of Goodman.

| 11/16/2023 | 7 | LETTER addressed to Judge Jessica G. L. Clarke from D.G. Sweigert, dated 11/17/23 re: LETTER MOTION SEEKING LEAVE TO FILE FRCP RULE 24(b) MOTION TO INTERVENE AS A DEFENDANT. (sc) (Entered: 11/17/2023) |
|---|---|---|
| 11/22/2023 | 8 | MEMO ENDORSEMENT on re: 7 Letter. ENDORSEMENT: Application DENIED. Case law holds that a reputational interest in a litigation as is suggested in this letter is insufficient to justify intervention. See, e.g., A.S. v. City Sch. Dist. of Albany, 2021 WL 4198411, at *6 (N.D.N.Y. Aug. 11, 2021). The other interests claimed are also insufficient to justify either permissive intervention or intervention as of right under Fed. R. Civ. P. 24. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 11/21/2023) (tg) (Entered: 11/22/2023) |

As Goodman states in ECF no. 92, "Then, on November 17, 2023, in the same case, Sweigert filed a frivolous letter motion seeking to intervene in the case. This motion was denied, (See Case 1:23-cv-09648-JGLC-GWG Document 8)."  Denied on the court's own volition, no pleading required by Goodman.

*The Indiana Lawsuit*

In like fashion Goodman does not explain how pleadings in an Indiana legal action, that require no response, are justification for his "excusable neglect".  See ECF no. 92, "Additionally, Sweigert made numerous frivolous filings in Sweigert v Goodman in the Southern District of Indiana, (See Case 1:23-cv-01228-JRS-MG)".

In that case Mr. Goodman has yet to be served the Amended Complaint docketed 11/11/2023. Again, no responsive pleadings have been required of Mr. Goodman. However, Goodman, acting on his own volition, filed various unorthodox pleadings.

| 11/22/2023 | 17 | NOTICE OF Motion to Stay Proceedings, filed by Defendant, Jason Goodman (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |
| --- | --- | --- |
| 11/22/2023 | 18 | MOTION (Memorandum) to Stay Proceedings, filed by Defendant Jason Goodman. (DWH) Modified on 11/22/2023 to correct filer (DWH). (Entered: 11/22/2023) |
| 12/04/2023 | 30 | MOTION Request for Judicial Notice, filed by Defendant Jason Goodman. (Attachments: # 1 Exhibits)(DWH) Modified to correct filing party on 12/7/2023 (JRT). (Entered: 12/06/2023) |

*Conclusory statements*

As Mr. Goodman states in ECF no. 92, quoted in relevant part:

> "These deliberate efforts to waste time with excessive frivolous filings and harassment maliciously calculated to distract have introduced unnecessary delay and give rise to this request for an extension of time to respond. I respectfully request an amount of time equal to the time required for the U.S. District Court for the Southern District of Indiana to make a determination with regard to an investigation into fraud upon the court. Alternately, I request an extension of sixty days, or any other appropriate amount of time as determined by the Court."

*History of abusive conduct*

This Court will be well-advised to heed District Judge Valerie E. Caproni who has stated, Jason Goodman "traffics in conspiracy theories". *Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) (*NATAS v. MSDI*).

Goodman has demonstrated his ability to exploit his status as a *pro se* litigant as observed by Judge Caproni who issued a sanctions order against Goodman, noting in particular an e-mail message sent by Goodman; quoted in relevant part (*NATAS v. MSDI*):

> "I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together. I also sent this to [the confidential email address] first time I ever emailed that address. Let's see if there's any response. Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again."
> Case 1:20-cv-07269-VEC-OTW Document 156 Filed 02/22/22 Page 1 of 7
> (https://storage.courtlistener.com/recap/gov.uscourts.nysd.543701/gov.uscourts.nysd.543701.156.0.pdf)

See also Judge Caproni's pre-filing ORDER against Goodman dated 2/22/2022, ECF no. 86.

***Orders to enjoin Goodman***

The Honorable Gershwin Drain of the U.S. District Court for the Eastern District of Michigan (M.I.E.D.) issued orders enjoining Goodman from telephoning court staff or their spouses, at their homes, on their private cellular phone number as late as 11 pm[2]. *Sweigert v. Cable News Network, Inc. (2:20-cv-12933)*, District Court, E.D. Michigan (M.I.E.D.)).

## LAW AND ARGUMENT

Fed.R.Civ.Proc. 6(b)(1)(B) "provides that courts may accept late filings from a party 'on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Bloom*

---

[2] From docket: ORDER Enjoining Defendant from Contacting Court Personnel and Family, Requiring Defendant to Show Cause why he should not be Sanctioned and Scheduling Show Cause Hearing. Show Cause Response due by 2/25/2022, Show Cause Hearing set for 3/4/2022 at 11:00 AM before District Judge Gershwin A. Drain Signed by District Judge Gershwin A. Drain. (JMcC), George Webb Sweigert v. Jason Goodman, 2:22-cv-10002, M.I.E.D.

11

*v. Rock,* No. 06-CV-6301, 2010 WL 2267468, at *11 (S.D.N.Y. May 27, 2010) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Four factors are considered in evaluating excusable neglect: "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, **[3] the reason for the delay, including whether it was within the reasonable control of the movant, and** [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395) [emphasis added]

Many courts have noted that the third prong of the *Pioneer Test* is the most important, "the Pioneer factors are not given equal weight," *In re Quebecor World (USA), Inc.,* No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015), appeal dismissed (2d Cir. Nov. 4, 2015), and courts "focus[] on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch, 333 F.3d at 366 (internal quotation marks omitted); *Williams v. KFC Nat. Mgmt. Co.,* 391 F.3d 411, 415-16 (2d Cir. 2004) (reason for delay is most important factor, and "the other three are significant only in close cases").

## CONCLUSION

Enough is enough. This Court needs to create reasonable boundaries for Goodman's judicial abuse of the Courts. A broad notation of default order should be issued to create protections for this Court. Goodman has failed to comply with this Court's orders and has not met prong three (3) of the *Pioneer Test.*

Certified under penalties of perjury.   December 14, 2023 (12/14/2023)

*D. Swt* (signature)

**D. G. SWEIGERT *PRO SE* DEFENDANT, C/O,**
**PMB 13339, 514 Americas Way, Box Elder, SD 57719**

12

## CERTIFICATE OF SERVICE

**It is hereby certified under the penalties of perjury that a true copy of this pleading has been sent to:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC., served via U.S. Postal Mail addressed to Jason Goodman, 252 7th Avenue, New York, New York 10001

Certified under penalties of perjury.

December 14, 2023

*D. Swt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719