D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

January 16, 2024

*Sweigert v. Goodman,* **23-cv-05875-JGK**
**Associated action: 23-cv-06881-JGK**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court
for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:        Response to THIRD REQUEST for extension of time to file by Defendant.

Dear Judge Figueredo,

1.      At the outset the Plaintiff denies the conclusory statements and untruthful assertions made by Defendant Goodman.  This is a garden variety defamation action that is a response to Mr. Goodman suing the undersigned in an action known as *Goodman v. Bouzy*, 1:21-cv-10878-AT-JLC, for which he was sanctioned with several prefiling orders.

2.      Mr. Goodman continues with nearly daily anti-social media attacks directed at the undersigned and the undersigned's ex-wife and handicapped son for which Mr. Goodman is being sued in a separate forthcoming legal action in Florida.

3.      When he is not on anti-social media video screaming at toddlers and yelling at families of color to go back to their third world countries of origin (with sidekick Chales Ortel), he is busy making crank telephone calls to serious reporters and placing the recorded materials on Twitter / X.  These crank calls consist of Mr. Goodman telling the unsuspecting persons to "go to hell".



4.      Meanwhile, Mr. Goodman is active in the physical stalking of law professor Andrew Weissman of New York University.



5.      Not wishing to miss any publicity stunt, Mr. Goodman used the extension of time this Court allotted to him to respond to the Amended Complaint in this action to file papers in an attempt to intervene in the legal action known as *Kennedy v. Biden* (see attached), 3:23-cv-00381-TAD-KDM.

6.      Mr. Goodman provided his anti-social media audience color artwork to showcase his legal gambit – fortunately denied by the presiding district judge.  See pictorial below of Mr. Goodman in his childish lawfare tank with a portrait of Robert F. Kennedy, Jr. in a paramilitary uniform.



7.      The Court should seek an explanation from Mr. Goodman about his inability to answer an Amended Complaint while attempting an intervention in another action in between crank phone calls.

Respectfully,      Signed 1/16/2024

D. Sgt

## CERTIFICATE OF SERVICE

Hereby certified that a copy of this document was placed in the U.S. Mail to Youtuber Jason

Goodman, 252 7th Avenue, New York, N.Y. 10001 on January 16, 2024.

Certified under penalties of perjury.

Respectfully,        Signed on January 16, 2024.


**D.G. SWEIGERT, PRO SE PLAINTIFF**

**U.S. District Court**
**Western District of Louisiana (Monroe)**
**CIVIL DOCKET FOR CASE #: 3:23-cv-00381-TAD-KDM**

Kennedy et al v. Biden et al
Assigned to: Judge Terry A Doughty
Referred to: Magistrate Judge Kayla D McClusky

| | | |
|---|---|---|
| 01/03/2024 | 31 | MOTION to Intervene with consent sought but not yet obtained by Jason Goodman. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 1/3/2024. (Attachments: # 1 Proposed pleading, # 2 Exhibit, # 3 Proposed order, # 4 Envelope)(crt,Miletello, A) Modified on 1/5/2024 to reflect as deficient (Miletello, A). Modified on 1/9/2024 to remove deficiency (Miletello, A). (Entered: 01/04/2024) |
| 01/05/2024 | 32 | FILED IN ERROR.NOTICE of Deficiency to Jason Goodman regarding 31 MOTION to Intervene. Reason: A motion for leave to file must be accompanied by the proposed pleading. (crt,Miletello, A) Modified on 1/9/2024 to reflect as filed in error as attachment (doc 31-1) is proposed pleading (Miletello, A). (Entered: 01/05/2024) |
| 01/09/2024 | | NOTICE of Corrective Action to Jason Goodman regarding 32 Notice of Deficiency. Action taken: Modified entry to reflect filed in error as proposed pleading submitted as document 31-1. (crt,Miletello, A) (Entered: 01/09/2024) |
| 01/09/2024 | | Motions Transferred regarding 31 MOTION to Intervene. Motion Ripe Deadline set for 1/9/2024. Motions referred to Judge Terry A Doughty. (crt,Miletello, A) (Entered: 01/09/2024) |
| 01/10/2024 | 33 | ORDER denying 31 Motion to Intervene. Signed by Judge Terry A Doughty on 1/10/2024. (crt,Crawford, A) (Entered: 01/10/2024) |
| 01/12/2024 | 34 | MOTION Seeking Leave to File Electronically by Jason Goodman. Motions referred to Magistrate Judge Kayla D McClusky. Motion Ripe Deadline set for 1/12/2024. (Attachments: # 1 Envelope)(crt,Crick, S) (Entered: 01/12/2024) |
| 01/16/2024 | 35 | ELECTRONIC ORDER denying 34 Motion to file electronically. Movant has not even been allowed to intervene at this point, and, regardless, he can file by mailing to the Clerk of Court. Signed by Magistrate Judge Kayla D McClusky on 1/16/2024. (jud,McClusky, Kayla) (Entered: 01/16/2024) |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**ROBERT F KENNEDY JR ET AL**            **CASE NO. 3:23-CV-00381**

**VERSUS**                               **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**              **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Before this Court is a Motion to Intervene [Doc. No. 31] filed by Jason Goodman ("Goodman"). For the reasons set forth herein, Goodman's Motion to Intervene is **DENIED**.

## I.   BACKGROUND

In this proceeding, Robert F. Kennedy Jr., Children's Health Defense, and Connie Sampognaro filed a Complaint [Doc. No. 1] alleging collusion and/or coercion by Defendants[1] with social media companies to suppress disfavored speakers, viewpoints, and contents in violation of the First Amendment to the United States Constitution.

On January 3, 2024, Goodman filed a Motion to Intervene [Doc. No. 31] in this proceeding.  In his motion, Goodman alleges that he is an Investigative Journalist, talk show host and the founder of the social media brand *Crowdsource the Truth*. Goodman asks to intervene in

---

[1] Defendants consist of Joseph R. Biden, Jr., Karine Jean-Pierre, Vivek H. Murthy, Xavier Becerra, Dept. of Health & Human Services, Anthony Fauci, National Institute of Allergy & Infectious Diseases, Centers for Disease Control & Prevention, Carol Y. Crawford, Untied States Census Bureau, Jennifer Shopkorn, U.S. Department of Commerce, Alejandro Mayorkas, Robert Silvers, Samantha Vinograd, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, Gina McCarthy, Nina Jankowicz, Andrew Slavitt, Rob Flaherty, Courtney Rowe, Clarke Humphrey, Benhamin Wakana, Dana Remus, Aisha Shah, Laura Rosenberger, Mina Hsiang, U.S. Department of Justice, Federal Bureau of Investigation, Laura Dehmlow, Elvis M.. Chan, Jay Dempsey, Eric Waldo, Yolanda Byrd, Christy Choi. Tericka Lambert, Joshua Peck, Janell Muhammad, Matthew Masterson, Lauren Protentis, Geoffery Hale, Allison Snell, Brian Scully, Zachary Henry Schwartz, Lorena Molina-Irizarry, Kristin Galemore, U.S. Food and Drug Administration, Erica Jefferson, Michael Murray, Brad Kimberly, U.S. Department of State, Samaruddin K. Stewart, Daniel Kimmage, Alexis Frisbie, U.S. Department of Treasury, Mark A. Robbins, Kristen Muthig,

this proceeding by Intervention of Right and/or by Permissive Intervention because he brings specific facts the current parties are unaware of, which will expediate adjudication of this matter.

## II. LAW AND ANALYSIS

### A. Intervention of Right

Federal Rule of Civil Procedure, Rule 24(a) states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by federal statute: or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four prong test: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. All four of these requirements must be met to be allowed intervention of right. *Texas v. United States,* 805 F. 3d 653, 657 (5th Cir. 1996).

Addressing the four-prong test, there are no allegations or evidence to show that Goodman's interest would be inadequately represented by the existing parties in the suit. There is a presumption of adequate representation when the applicant has the "same ultimate objective" as a party in the lawsuit. Goodman's allegations align with the Plaintiffs, and Goodman has not overcome the presumption of adequate representation. Therefore, Goodman's Motion to Intervene by an Intervention of Right is DENIED.

### B. Permissive Intervention

Federal Rule of Civil Procedure, Rule 24(b) states:

> (b) Permissive Intervention
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

District Courts have broad discretion in allowing intervention.  *Trans Chemical Ltd. V. China National Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003).  The denial of a request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors.  *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994).  As previously discussed, the Plaintiffs adequately represent Goodman's ultimate objective.

Goodman is alleged to be a victim of the supposed First Amendment suppression.  First, as previously addressed, Goodman has not shown he is not adequately represented by the named Plaintiffs in this proceeding.  If this Court were to allow Goodman to intervene in this proceeding, it would open the door for other alleged victims to intervene, which would likely slow down the expedited discovery schedule previously set.  Therefore, for these reasons, Goodman's Motion to Intervene by Permissive Intervention is DENIED.

## III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Jason Goodman's Motion to Intervene [Doc. No. 31] is **DENIED**.

**MONROE, LOUISIANA,** this 10th day of January 2024.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

3