D. G. SWEIGERT, C/O, MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

January 17, 2024

***Sweigert v. Goodman,* 23-cv-05875-JGK**<br>
**Associated action: 23-cv-06881-JGK**

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court
for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:   PRO SE MOTION FOR CLARIFICATION

Dear Judge Figueredo,

1. Through this motion the Plaintiff merely asks for clarification to prevent manifest injustice. The Plaintioff asks why Defendant does not wish to respond to the amended complaint, **ECF no. 13**, in **23-cv-06881-JGK**, which has become the invisible action.

2. As Defendant stated in **ECF no. 103**, his third extension to respond to the Amended Complaint in **23-cv-05875-JGK,** "this is an extraordinary case". Thus far, the Plaintiff understands that the Defendant is being compelled to answer only <u>**one**</u> Amended Complaint, that of **23-cv-05875-JGK.**

3. In this regard the latest Memo Endorsement authorizing a third extension for this "extraordinary case" seems ambiguous as it does not address when, and if, the Defendant will ever answer the Amended Complaint of **23-cv-06881-JGK, ECF no. 13.** This matter has been left unaddressed long enough. This has created the appearance of manifest injustice.

4. Indirect authority for this request for clarification is provided by F.R.C.P. Rule 60(a) as appellate courts have held that Rule 60(a) provides indirect authority for a motion to clarify. At least two circuits have held that Rule 60(a), which allows for correction "from oversight or omission," may be used "to correct a failure to memorialize part of its decision," which is basically the question at issue here. *Garamendi v. Henin,* 683 F.3d 1069, 1079 (9th Cir. 2012) (citation omitted); see also *Sartin v. McNair L. Firm PA,* 756 F.3d 259, 266 (4th Cir. 2014). Under this authority, Rule 60 may be used "for clarification and explanation... even in the absence of ambiguity, if necessary for enforcement." *Garamendi,* 683 F.3d at 1080.

5.  Rule 60(a) may be used "for the purpose of reflecting accurately a decision that the court actually made." *Weeks v. Jones,* 100 F.3d 124, 129 (11th Cir. 1996) (per curiam) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Id. (quoting *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992)). Rather, the clarification must "more clearly reflect [the court's] contemporaneous intent." *Burton,* 975 F.2d at 694."

6.  District Courts typically allow parties to file Motions for Clarification. "These motions are generally recognized and allowed by federal courts." *Barnes v. District of Columbia,* 289 F.R.D. 1, 13 n.6 (D.D.C. 2012). While some courts have analyzed motions for clarification under Rules 59(e) and 60(b), these rules are not always suited to the task because a motion for clarification merely asks a Court "to explain or clarify something ambiguous or vague," not to "alter or amend" a judgment. *Philip Morris USA Inc.*, 793 F. Supp. 2d at 168 (citation omitted)."

7.  Therefore, in view of the foregoing, please clarify when the Defendant will answer the Amended Complaint in **23-cv-06881-JGK**, ECF no. 13.

Respectfully,   Signed 1/17/2024

*D. Swt*

### CERTIFICATE OF SERVICE

Hereby certified that a copy of this document was placed in the U.S. Mail to Youtuber Jason Goodman, 252 7th Avenue, New York, N.Y. 10001 on January 17, 2024.

Certified under penalties of perjury.

Respectfully,   Signed on January 17, 2024.

*D. Swt*

**D.G. SWEIGERT, PRO SE PLAINTIFF**