> **SO ORDERED**
>
> /s/ Valerie Figueredo
> VALERIE FIGUEREDO
> United States Magistrate Judge
>
> Dated: February 26, 2024
>
> Plaintiff's motion requesting a 45-day stay is **DENIED**. Plaintiff's deadline to respond to Defendant's motion for a change of venue is **Monday, March 18, 2024**. If Plaintiff needs more time, he may request an extension.

The Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
Via Pro Se Electronic Filing

Re: Case No.:   Case No.: 1:23-cv-05875-JGK
                Case No.: 1:23-cv-06881-JGK     Sweigert v Goodman et al

February 23, 2024

Dear Judge Figueredo,

I write in response to Mr. Sweigert's letter of February 15, 2024, attached hereto which requests a stay of 45 days in order to obtain counsel. I believe this is another of Sweigert's endless attempts to delay these proceedings and increase the cost and complexity of litigation.

For the past seven years, Mr. Sweigert has sued me in a variety of improper venues with no regard for the lack of jurisdiction or wasted resources and has never before sought counsel.

Mr. Sweigert's extensive oeuvre of vexatious pro se litigation goes back as far as at least 1994, (*See United States ex rel. Sweigert v. Elec. Sys. Assocs.*, No. 95-3884, 1996 U.S. App. LEXIS 17261 (6th Cir. May 16, 1996), demonstrating a long-standing pattern of pro se action against perceived enemies including frivolous pleadings, appeals, and voluntary withdrawals.

Sweigert further claims in his letter that, "[a]n initial investigation indicates, that as the associated case in this matter (23-cv-06881- JGK) was brought against Jason Goodman's company (Multimedia System Design Incorporated, a New York charted corporation), personal jurisdiction exists only in New York and not Indiana."

If the Court agrees with this, then it must explain why Goodman's previous motion for Rule 11 sanctions was denied without explanation or memorandum opinion. Sweigert initiated the now consolidated action in Michigan where neither he, Goodman nor the fictitious corporate

entity reside. If his assertion is found to be correct, it proves that the case in question was improperly initiated in Michigan and was done so deliberately to harass and waste time.

The entity Mr. Sweigert has attempted to repeatedly sue, Multimedia System Design, Inc., D/B/A/ Crowdsource the Truth, ("MSDI") is a non-existent, fictional entity invented by Sweigert. He was unable to effectuate service in New York because it does not exist. This motivated him to deceive the Court in order to consolidate the defective case here in SDNY.

MSDI does not exist in any jurisdiction and therefore does not constitute a valid defendant pursuant to FRCP Rule 17(b)(2). Sweigert created this entity and named it to substantially resemble the name of a dissolved, inactive corporation that Goodman previously owned, Multimedia System Design, INC., ("MSD"). MSD never did business as Crowdsource the Truth. Neither MSD nor MSDI have ownership or influence over Goodman's intellectual property including statements and posts made by Goodman on social media or the internet.

Sweigert knows this from previous litigation, yet he attempts to deceive the Court as he seeks to sue this fictional entity in an effort to compel me to hire counsel. His goal is to harass any attorney that appears to improperly affect the outcome of the case as he has previously, (*See The National Academy Of Television Arts And Sciences, Inc., v Multimedia System Design, Inc., D/B/A "Crowdsource The Truth"*, 1:20-cv-07269-VEC-OTW Dkt. 102-2).

This case should be transferred to Indiana prior to the scheduled March 7, 2024 hearing already scheduled there. That nearly identical litigation is closer to disposition and the Indiana Court is as appropriately situated to preside over this matter as is this honorable Court.

Respectfully submitted,

Jason Goodman

**EXHIBIT A**

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 15, 2024

*Sweigert v. Goodman*, 23-cv-05875-JGK<br>
Associated action: 23-cv-06881-JGK

U.S. Magistrate Judge Honorable Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:   REQUEST 45-days to consult with counsel to FILE RESPONSE to Defendant's motion papers at ECF no. 111 and 112.

Dear Judge Figueredo,

1.   Defendant Goodman has filed motion papers to transfer this instant case to the Southern District Court serving Indiana.

2.   An initial investigation indicates, that as the associated case in this matter (23-cv-06881-JGK) was brought against Jason Goodman's company (Multimedia System Design Incorporated, a New York charted corporation), personal jurisdiction exists only in New York and not Indiana. See 28 U.S.C. Sec. 1391(d), quoted in relevant part:

> (d) Residency of Corporations in States With Multiple Districts.—
> For purposes of venue under this chapter, … the corporation shall be deemed to reside in the district within which it has the most significant contacts.

3.   Frankly, this is a complex matter and the undersigned intends to consult with legal counsel to craft a complete response in this matter.

4.   Meanwhile, the TRANSFER ORDER of Judge Gershwin Drain is concurrently filed with this letter motion to refresh the Court's memory concerning this case (Case 1:23-cv-06881-JGK-VF Document 31 Filed 08/02/23).

Respectfully,   Signed Feb. 15, 2024

*/s/ D. Swt/*

**D.G. SWEIGERT, PRO SE PLAINTIFF**

---

**CERTIFICATE OF SERVICE**
A copy of this letter was placed in the U.S. Mails on 2/15/2024 addressed to Jason Goodman, Suite 6S, 252 7th Avenue, N.Y., N.Y. 10001.
Respectfully,   Signed Feb. 15, 2024

*/s/ D. Swt/*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                D. G. SWEIGERT

                        Plaintiff,
       -against-

             JASON GOODMAN
                Defendant.
------------------------------------------------------------------X

Case 1:23-cv-05875-JGK
Case 1:23-cv-06881-JGK

**CERTIFICATE OF SERVICE**

It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff and Defendant with a copy of the letter response via USPS;

D. G. SWEIGERT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

Dated: New York, New York February 23, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

CERTIFICATE OF SERVICE          1