UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

D. G. SWEIGERT,

                      Plaintiff,

- against -

JASON GOODMAN, ET AL.,

                      Defendants.

23-cv-5875 (JGK)
23-cv-6881 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

    The plaintiff moved for a default against the defendant for having failed to respond to the complaint despite several extensions of time to respond. ECF No. 141. For the following reasons, the motion for a default judgment is **denied.**

    A prerequisite for a default judgment is a certificate of default from the Clerk that the plaintiff failed to obtain. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); see also Local Civ. R. 55.1.

    "The circumscribed scope of the district court's discretion in the context of a default is a reflection of [the] oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Furthermore, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Id. at 96.

In this case, the defendant has consistently indicated a desire to litigate. The defendant filed a letter on October 18, 2023, ECF No. 28, just days after the amended complaint was served on the defendant on October 9 and 13, ECF Nos. 22, 24. Moreover, the defendant has indicated a desire to respond to the case on the merits by filing a motion to dismiss. ECF No. 145. The plaintiff, in turn, has sought an extension of time to respond to the motion to dismiss, ECF No. 147, and subsequently filed a corrected opposition to the motion to dismiss, ECF No. 150. Finally, the plaintiff has failed to demonstrate any prejudice. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) ("Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.")

For the foregoing reasons, the motion for a default judgment is **denied**. The time for the defendant to submit a reply in support of his motion to dismiss is **July 30, 2024**.

**SO ORDERED.**

**Dated:** New York, New York
July 16, 2024

_____
John G. Koeltl
United States District Judge

2