IN THE UNITED STATES DISTRICT COURT　　　　　Case 1:23-cv-05875-JGK
FOR THE SOUTHERN DISTRICT OF NEW YORK　　　Case 1:23-cv-06881-JGK
-----------------------------------------------------------------------X
D. G. SWEIGERT

　　　　　　　　　　Plaintiff,　　　　　　　　　　　　**MOTION FOR**
　　　　　-against-　　　　　　　　　　　　　　　　　**RECONSIDERATION**

　　　　　　　　　　JASON GOODMAN
　　　　　　　　　　Defendant.
-----------------------------------------------------------------------X

Pursuant to FRCP Rule 59(e), defendant, Jason Goodman, respectfully requests the Court reconsider the Memorandum Opinion and Order entered October 15, 2024, (Dkt. 144), granting Plaintiff David George Sweigert leave to amend his complaint. The Court's decision overlooks critical facts regarding Sweigert's history of vexatious litigation, Defendant's unfair treatment in comparison, and includes a significant factual error made by the Court regarding a core claim.

## INTRODUCTION

Rule 59(e) allows alteration or amendment of a judgment when there is a clear error of law or fact or to prevent manifest injustice. This objection seeks reconsideration of the Court's decision to allow Sweigert to amend his complaint and to correct a material error in the Court's understanding of the facts.  In its order entered October 15, 2024, (Dkt. 144) the Court stated incorrectly that Defendant Goodman, "accused the plaintiff of hacking federal-court servers" but no hacking of servers was alleged.  The accusation is that a date was altered to forge a document that was then filed by a clerk of the court who appears to have been complicit.  This is proven in part by the absence of a pro se filing receipt usually provided for documents filed in the Eastern District of Michigan.  With regard to preventing manifest injustice, this Court cannot forfeit its authority to Sweigert by allowing itself to become his personal Lawfare battlefield nor can it allow him to continuously file and amend frivolous complaints in this or other jurisdictions.

## BACKGROUND

For nearly eight years, Plaintiff Sweigert has engaged in a sustained campaign of frivolous legal action against Defendant Goodman. While this appears to be a series of annoyance lawsuits designed to harass the defendant, burden the legal system, and cause unnecessary delay, there is far more to the plaintiff's efforts than mere vexatious litigation. Sweigert is a Lawfare practitioner. According to retired U.S. Airforce Major General Charles Dunlap, Lawfare is a codified method of 21st century war fighting used to achieve military and political objectives, (https://www.armyupress.army.mil/Journals/Military-Review/English-Edition-Archives/May-June-2017/Dunlap-Lawfare-101/).

Achieving military and political objectives is not the purpose of civil litigation in U.S. District Court. Engaging in such activity is a direct violation of the rules and is among the types of improper purposes anticipated by FRCP Rule 11(b)(1). Sweigert has no purpose in interacting with Goodman apart from harassment. Goodman never knew of or spoke of Sweigert prior to Sweigert launching this Lawfare campaign in or around 2017. Exposing Sweigert's abuse of the courts has become Goodman's journalistic objective and is legitimate first amendment activity.

Deliberate attempts to pervert civil litigation in the manner Defendant alleges Sweigert does is a clear violation of the rules. Despite that fact, this and other Courts have repeatedly allowed Sweigert to file and amend vexatious, defective pleadings with no consequence. By contrast, Defendant, in the case of Goodman v Bouzy, filed legitimate claims in good faith and has been unfairly enjoined from pursuing actions against parties including Benjamin Wittes and others after only one legal action. Sweigert interfered in Goodman v Bouzy and communicated directly with Mr. Wittes who is the director of the Lawfare Institute, (https://www.lawfaremedia.org/contributors/bwittes). Sweigert's legal actions are brought for

the improper purpose of thwarting legitimate journalism. Sweigert sues Goodman repeatedly to discourage ongoing investigative journalism that is intended to expose Lawfare and other criminal activity. Sweigert serves the improper purpose of protecting Lawfare entities from Goodman's legitimate and thorough scrutiny.

ARGUMENT

I.  SWEIGERT'S LONGSTANDING HISTORY OF VEXATIOUS LITIGATION REQUIRES SANCTIONS

Plaintiff Sweigert has exhibited a clear pattern of vexatious behavior throughout this case and others dating back to 1992, *(See Sweigert, et al v. Electronic Systems, et al 3:1992cv00010).*

The three cases currently pending are only a small fraction of the judicial waste and abuse Sweigert has subjected Goodman to. Over the past eight years, Sweigert has filed multiple frivolous lawsuits against the defendant only to withdraw on the eve of trial and refile virtually identical claims in another jurisdiction. On its face this pattern and practice of filings made for the purpose of harassment and delay constitutes a violation of FRCP Rule 11. Despite this history, the Court has failed to sanction Sweigert for his actions, only enabling his continued abuse of the legal process.

The final order in *Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA* began stating, "Mr. Sweigert's motion for reconsideration of the Court's orders dismissing his claims with prejudice is DENIED. After almost four years of litigation, 381 filings, and on the eve of trial, Mr. Sweigert voluntarily withdrew his claims in this action."

After years of resource wasting litigation Sweigert withdrew his frivolous claims, and after dismissal with prejudice, fought jealousy for reconsideration so he could refile those same frivolous claims and carry on with his abusive behavior. Even though reconsideration was

denied, Sweigert continues to file substantially identical claims. The Court simply cannot allow this to continue. Allowing Sweigert another opportunity to amend his complaint without any consequences for his previous and ongoing behavior only encourages more frivolous lawsuits in the future. The Court must impose sanctions and issue an injunction to prevent Sweigert from filing further actions against Defendant without prior leave of the Court.

## II. DEFENDANT HAS BEEN UNFAIRLY ENJOINED DESPITE PURSUING LEGITIMATE CLAIMS

In contrast to Sweigert's vexatious filings, Goodman's actions have been aimed at defending his livelihood and rights against powerful, well-resourced organizations and individuals who Sweigert communicates with regularly. Because of a scheme concocted by Sweigert, Goodman was deceived into litigation against the National Academy of Television Arts and Sciences ("NATAS"). Sweigert has communicated and coordinated with NATAS CEO Adam Sharp and his attorneys extensively as well as others including Benjamin Wittes, and Nina Jankowicz. Sweigert directly and publicly communicated with Wittes and Jankowicz during Goodman v Bouzy to alert them of the imminent default of ostensibly unrelated third-party Christopher Bouzy. The next day Bouzy was represented by counsel and subsequently avoided default. Goodman has been unfairly enjoined from further action against Sharp, Wittes or Jankowicz, but Sweigert is allowed to carry on ad nauseum. The outrageous and unconstitutional sanctioning of Goodman, a journalist, stands in glaring contrast to the absurdly lenient treatment the Court continues to show Sweigert. Sweigert must be enjoined in the harshest manner available.

Defendant has been unfairly subjected to filing injunctions in cases involving powerful figures, each of which were represented by experienced bar members. Sweigert by contrast has been granted endless opportunities to file and amend his baseless complaints in this now nearly

decade long ordeal. The Court's refusal to recognize the disparity between Defendant's legitimate actions and Sweigert's vexatious conduct is incongruent with justice.

The Court must reconsider its decision to grant Sweigert leave to amend and issue the necessary sanctions to stop his continued abuse of the judicial system. Defendant has only acted in good faith in litigation and should not be treated the same, and certainly not more harshly than a litigant who deliberately seeks to repeatedly and deliberately violate Rule 11.

### III.     AN EVIDENTIARY HEARING SHOULD BE HELD

The Court incorrectly interpreted that the defendant accused Sweigert of hacking a server at the U.S. District Court for the Eastern District of Michigan.  Defendant accused Sweigert of conspiring to forge and improperly file a document with assistance of a clerk. Sweigert protests claiming more defamation.  It could be easily proven that the filing is legitimate if the pro se filing receipt were presented.  If Sweigert's claim is to survive, an evidentiary hearing should be held to determine whether there is any basis for Sweigert's accusation. Sweigert must produce the pro se filing receipt and prove the legitimacy of the filing. If Sweigert cannot present this evidence, he should be required to abandon the claim.

Goodman has retained all evidence related to this incident and would be prepared to present that evidence for the Court to evaluate.  Additionally, Goodman could present the dozens of letters that Sweigert has sent including false claims made to law enforcement, members of Congress and Goodman's business associates, including outrageous, unsubstantiated allegations that Goodman is a terrorist. These letters are far too numerous to scan and include as exhibits and when presented, will demonstrate the psychotic nature of Sweigert's ongoing campaign.

The Court cannot allow Sweigert to continue making baseless accusations without requiring him to present supporting documentation or other evidence. An evidentiary hearing will provide

MOTION FOR RECONSIDERATION                                                                                                      5

clarity on these issues and prevent further abuse of the legal process by forcing Sweigert to substantiate his claims or face dismissal of baseless accusations.

IV. **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court:

• Reconsider its decision to grant Plaintiff Sweigert leave to amend his complaint.

• Impose Rule 11 sanctions on Plaintiff Sweigert for his repeated violations and vexatious litigation tactics.

• Issue an injunction preventing Plaintiff Sweigert from filing any further actions against Defendant without prior leave of the Court.

• Set an evidentiary hearing for the claim regarding forgery accusations and require Plaintiff Sweigert to produce the pro se filing receipt or abandon his claim.

• Correct the factual error regarding the claim of a court server hack and recognize that Defendant's actual allegation involves forgery and collaboration with a court clerk.

• Grant any other relief that the Court deems just and proper.

Dated: New York, New York October 29, 2024

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

| | |
|---|---|
| THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>　　　　　　　D. G. SWEIGERT<br><br>　　　　　　　　　　　Plaintiff,<br>　　　　-against-<br><br>　　　　　　　JASON GOODMAN<br>　　　　　　　　　Defendant.<br>-------------------------------------------------------------------X | Case 1:23-cv-05875-JGK<br>Case 1:23-cv-06881-JGK<br><br>**CERTIFICATE OF SERVICE** |

It is hereby certified that Defendant Pro Se, Jason Goodman, served Plaintiff with a copy of motion for reconsideration via USPS to that address below

　　D. G. SWEIGERT, C/O
　　PMB 13339, 514 Americas Way,
　　Box Elder, SD 57719

　　　　　　　　　　　　　　　　　　　　Dated: New York, New York October 29, 2024

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　Jason Goodman
　　　　　　　　　　　　　　　　　　　　　　　　Pro Se Defendant
　　　　　　　　　　　　　　　　　　　truth@crowdsourcethetruth.org
　　　　　　　　　　　　　　　　　　　　　　　252 7th Avenue Apt 6s
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　　　　　　347-380-6998

CERTIFICATE OF SERVICE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1