```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
D.G. SWEIGERT,

                Plaintiff,

      - against -

JASON GOODMAN,

                Defendant.

23-cv-6881 (JGK)

ORDER

---

**JOHN G. KOELTL**, District Judge:

    On April 27, 2025, the defendant Jason Goodman filed a motion to vacate the April 25, 2025 Order denying the defendant's Rule 59(e) motion, ECF No. 160, pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. ECF No. 161. On May 2, 2025, the defendant filed a successive motion pursuant to Rule 60(b)(6), seeking: (1) sanctions against the plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) a nationwide filing injunction against the plaintiff; (3) an injunction proscribing the plaintiff from contacting the defendant or any third party to any litigation in which the defendant is a party; (4) a referral to the law enforcement authorities; and (5) the recusal of this Court from this case. ECF No. 165.

    In relevant part, Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

I.

The defendant's motion to vacate the April 25, 2025 Order is without merit and must be **denied**.

A.

The defendant's argument that the Court committed a mistake or excusable neglect is without merit. The defendant admits that he filed the Rule 59(e) motion to request vacatur of an order in case number 23-cv-5875, although he mistakenly filed the motion in case number 23-cv-6881. The defendant also admits that the Rule 59(e) motion cited the wrong ECF docket number. But it is not proper to file a motion in this case to request relief in a separate case.

Moreover, there is nothing in the defendant's original motion or in his present motion to suggest that the dismissal of case number 23-cv-5875 was improper in any way. Case number 23-cv-5875 was dismissed without prejudice pursuant to the plaintiff's notice of voluntary dismissal filed pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Case No. 23-cv-5875, ECF No. 254. "In contrast to other methods of dismissal contemplated by Rule 41, voluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court." Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir. 1979). The defendant never filed any response or objection to the dismissal, which was "self-executing." See id. The Court confirmed the dismissal without prejudice in the Order

2

dismissing and closing case number 23-cv-5875. Case No. 23-cv-5875, ECF No. 258. The defendant has not provided any argument why it would have been proper to vacate that Order in case number 23-cv-5875.

### B.

The defendant's other arguments in support of his request to vacate the April 25, 2025 Order are also without merit. The defendant argues that the Court failed to adjudicate the defendant's Rule 11 motion, ECF No. 53, on the merits. But there was no indication that the prerequisites for a Rule 11 motion were satisfied and the motion was therefore closed. See ECF No. 62. Subsequently, the defendant renewed his Rule 11 motion, but the renewed Rule 11 motion was denied again for failure to demonstrate that the requirements of Rule 11 were satisfied. Sweigert v. Goodman, Nos. 23-cv-5875 & 23-cv-6881, 2024 WL 4493768, at *1 n.2 (S.D.N.Y. Oct. 11, 2024).

The defendant once again renews his request for Rule 11 sanctions against the plaintiff. ECF No. 165. But the defendant does not indicate that he has followed the procedural requirements of Rule 11. Rule 11 requires the moving party to provide the party against whom sanctions are sought with "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). Moreover, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The defendant has not filed

3

a separate motion for Rule 11 sanctions, and has not identified the specific "pleading, written motion, or other paper" that "allegedly violates Rule 11(b)." Fed R. Civ. P. 11(b), (c)(2). Therefore, the defendant's motion for sanctions pursuant to Rule 11 is once again **denied**. Accordingly, the defendant's motion to vacate pursuant to Rule 60(b) must also be **denied**.

## II.

The defendant also requests certain injunctive relief, a referral to the law enforcement authorities, and the recusal of this Court. Although Rule 60(b)(6) is not a proper procedural vehicle for such requests, construing the defendant's pro se filing liberally, the defendant's requests are considered. In any event, the defendant's requests are without merit.

The defendant requests a nationwide filing injunction against the plaintiff, but the Court previously denied that request. Sweigert, 2024 WL 4493768, at *7. Because nothing in the record justifies reconsideration of that previous ruling, the renewed request for a nationwide filing injunction is **denied**.

The defendant also requests an injunction proscribing the plaintiff from all contact with the defendant or any third party involved in any litigation to which the defendant is a party. But the defendant has not made any legal argument why it would be proper for this Court to issue such an injunction. This request for an injunction is therefore **denied**.

Similarly, the defendant requests a referral to the law enforcement authorities, but the defendant has not demonstrated that the plaintiff is acting in violation of a court order or any applicable statute. The request for a referral to the law enforcement authorities is therefore **denied**.

Finally, the defendant requests that this Court recuse from this case. But there is no appropriate cause for recusal. <u>See generally</u> ECF No. 239 (Magistrate Judge Figueredo's denial of the defendant's request to recuse); <u>Sweigert v. Goodman</u>, No. 18-cv-8653, 2019 WL 11662227, *1-3 (S.D.N.Y. Aug. 20, 2019) (Judge Caproni's denial of the plaintiff's request to recuse in a different case). Accordingly, the request to recuse is **denied**.

## CONCLUSION

The Court has considered all of the defendant's arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendant's Rule 60(b) motions and all requests for relief made in those motions are **denied**.

This case was closed on November 1, 2024. ECF No. 147. Moreover, the appeal of this case is pending. ECF No. 153. No other filings are authorized in this case except as authorized by this Court or Magistrate Judge Figueredo. To seek such authorization, a party must submit a letter, not to exceed two double spaced pages, addressed to Magistrate Judge Figueredo.

The Clerk is directed to close ECF Nos. 161 and 165.

SO ORDERED.

Dated: New York, New York
       May 6, 2025

                                           _____
                                           John G. Koeltl
                                           United States District Judge